**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-1875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, by and through its personal representative
Elizabeth Lemuel;
ELIZABETH LEMUEL, individually;
Z.D.-L.M.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel;
D.J.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel;
D.S.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel; and
Z.A.T.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel;

       Plaintiffs,

v.

EL PASO COUNTY, COLORADO;
ARMOR CORRECTIONAL HEALTH SERVICES, INC.;
DEPUTY DANIEL LEBARON, in his individual capacity;
DEPUTY BRITTANY STUBBS, in her individual capacity;
DEPUTY ANN BELL, in her individual capacity;
DEPUTY BRANDON BURGESS, in his individual capacity;
SERGEANT KIMBERLY MILLER, in her individual capacity;
SERGEANT JAMES RODRIGUEZ, in his individual capacity;
DEPUTY JOHN BRIENZA, in his individual capacity;
DEPUTY CHADWICK YOUNG, in his individual capacity;
SERGEANT CODY WRIGHT, in his individual capacity;
DEPUTY KEVIN THORPE, in his individual capacity;
NURSE DIANNA BEDIA, in her individual capacity; and
NURSE ROBIN BAUER, in her individual capacity;

       Defendants/Third-Party Plaintiffs,

v.

UCH-MHS D/B/A UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL
CENTRAL,
LESLIE MOATS, M.D., and
REBECCA EIGHTEEN, RN,

       Third-Party Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Stipulated Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential information are protected by a statutory, regulatory, or common law right of privacy or protection, or otherwise contain nonpublic personal, personnel, employment, private, medical, or other information implicating privacy interests, proprietary interests or safety and security concerns of either the Plaintiff, any of the Defendants or any other nonparty including confidential, security-sensitive, proprietary, trade secret, financial, or personal information. Any information designated by a party as CONFIDENTIAL must first be reviewed by a lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information "is confidential or otherwise entitled to protection." *Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000). CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL information shall not, without the consent of the party

2

producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

        a.      the parties' attorneys;

        b.      persons regularly employed or associated with the parties' attorneys that are actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

        c.      the parties, including designated representatives for the Plaintiffs and Defendants;

        d.      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

        e.      the Court and its employees ("Court Personnel");

        f.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        g.      deponents and witnesses;

        h.      any individual necessary to respond to any licensing, credentialing, peer review, quality management, or other professional inquiry;

        i.      any insurer to a party to this matter;

        j.      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than those listed in section a, b, c, d, e, f, and g), counsel shall provide such person with a copy of this Stipulated Protective Order and obtain from such person acknowledgement stating that he or she has read this Stipulated Protective Order and agrees to be bound by its provisions.

6.        Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER."

7.        Whenever a deposition involved the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Stipulated Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.        Whenever it is necessary to attach or otherwise include CONFIDENTIAL information to motions or other documents filed with the court, it shall be filed as restricted Level 1 in accordance with the requirements of D.C.COLO.LCiv.R 7.2.  The party designating the document as confidential shall have the burden of moving the court to maintain restriction of the document.

8.        If a document marked as CONFIDENTIAL contains personal information that is not material to the claims and defenses at issue in the case, the filing party shall redact the information rather than restrict public access.

9.        Whenever a party inadvertently fails to designate any information as CONFIDENTIAL, that party may correct such failure by giving written notice to the other party(ies). Upon such written notification, the corrected materials shall only be deemed CONFIDENTIAL prospectively. Substitute copies of the corrected information shall be appropriately marked and given to the other party(ies) as soon as they become available.

Within ten (10) days of receipt of the substitute copies, the party(ies) receiving the CONFIDENTIAL information shall return the previously unmarked information or destroy it.

10.    A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party that designated the disputed information. The parties agree to endeavor to make their objections within a reasonable time after the designation, but nothing herein shall be construed as limiting the ability of a party to object to the designation at any time. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file within 15 business days an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall either (1) be returned to the party that designated it as CONFIDENTIAL, (2) be destroyed, or (3) the parties may retain those Documents confidentially consistent with the document retention and destruction policy of their law firm and pursuant to the continuing terms of this Protective Order.

5

Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.     The parties agree and stipulate that every person who obtains CONFIDENTIAL information is prohibited from using or disclosing said information for any purpose whatsoever, except as necessary to assist in the conduct of this litigation.

13.     Nothing in this Stipulated Protective Order shall require the disclosure of information that is otherwise not subject to discovery, is privileged, or constitutes attorney work product.  Nothing in this Stipulated Protective Order shall prejudice any objections that a party might have regarding the production of information. Nothing in this Stipulated Protective Order shall be construed as an agreement that any CONFIDENTIAL information shall be excluded from evidence.

14.     Neither a party's designation of information as CONFIDENTIAL under this Stipulated Protective Order, nor a party's failure to make or object to such designation, shall be admissible in evidence as a party admission or otherwise to prove any fact relevant to any claim or defense.

15.     The restrictions on use of CONFIDENTIAL information set forth in this Stipulated Protective Order shall survive the conclusion of this litigation.

16.     This Stipulated Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 9th day of September, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

6

APPROVED AS TO FORM:


*s/ Darold W. Killmer*

_____

Darold W. Killmer
Liana Orshan
Reid Allison
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202
Phone: (303) 571-1000
Facsimile: (303) 571-1001
dkillmer@kln-law.com
lorshan@kln-law.com
rallison@kln-law.com

*Attorneys for Plaintiffs*



*s/ Gordon L. Vaughan*

_____

Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
(719) 578-5504 (fax)
gvaughan@vaughandemuro.com

*Attorney for Defendants El Paso County, LeBaron, Stubbs, Bell, Burgess, Miller, Rodriguez, Brienza, Young, Wright, and Thorpe*



*s/ Simone Montoya*

_____

Simone Montoya
Margaret K. Gray
Messner Reeves LLP
1430 Wynkoop Street, Suite 300
Denver, Colorado 80202
(303) 405-0481
smontoya@messner.com
mgray@messner.com

*Counsel for Defendants Armor Correctional Health Services, Inc., Dianna Bedia, and Robin Bauer*

*s/ Stephen J. Hensen*

_____

Stephen J. Hensen, Esq.
HENSEN DuWALDT
1001 Bannock St., Suite 39
Denver, CO 80204
303-223-0773 (phone)
303-895-4199 (mobile)
steve@hendulaw.com

*Attorney for Third-Party Defendants UCHealth Memorial Hospital Central and Rebecca Eighteen, RN*

*s/ Paul Faraci*

_____

Paul Faraci
Jessie Fischer
FARACI LEASURE, LLC
4500 Cherry Creek Drive South, Suite 675
Glendale, CO 80246
303-630-0501 (direct)
720-904-1190 (main)
720-294-1190 (fax)
pfaraci@faracileasure.com
jfischer@faracileasure.com

*Attorney for Defendant Leslie Moats, M.D.*