IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, by and through its personal representative
      Elizabeth Lemuel,
ELIZABETH LEMUEL, individually,
Z.D.-L.M.L., individually, a minor, by and by and through their legal guardian Elizabeth
Lemuel,
D.J.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel,
D.S.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel, and
Z.A.T.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel,

      Plaintiffs,

v.

EL PASO COUNTY, COLORADO,
ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
DEPUTY DANIEL LEBARON, in his individual capacity,
DEPUTY BRITTANY STUBBS, in her individual capacity,
DEPUTY ANN BELL, in her individual capacity,
DEPUTY BRANDON BURGESS, in his individual capacity,
SERGEANT KIMBERLY MILLER, in her individual capacity,
SERGEANT JAMES RODRIGUEZ, in his individual capacity,
DEPUTY JOHN BRIENZA, in his individual capacity,
DEPUTY CHADWICK YOUNG, in his individual capacity,
SERGEANT CODY WRIGHT, in his individual capacity,
DEPUTY KEVIN THORPE, in his individual capacity,
NURSE DIANNA BEDIA, in her individual capacity, and
NURSE ROBIN BAUER, in her individual capacity,

      Defendants,

and

EL PASO COUNTY, COLORADO,
DEPUTY DANIEL LEBARON, in his individual capacity,
DEPUTY BRITTANY STUBBS, in her individual capacity,
DEPUTY ANN BELL, in her individual capacity,
DEPUTY BRANDON BURGESS, in his individual capacity,
SERGEANT KIMBERLY MILLER, in her individual capacity,

SERGEANT JAMES RODRIGUEZ, in his individual capacity,
DEPUTY JOHN BRIENZA, in his individual capacity,
DEPUTY CHADWICK YOUNG, in his individual capacity,
SERGEANT CODY WRIGHT, in his individual capacity,
DEPUTY KEVIN THORPE, in his individual capacity,

       Third-Party Plaintiffs,

v.

UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL
CENTRAL,
LESLIE MOATS, M.D., and
REBECCA EIGHTEEN, RN,

       Third-Party Defendants.

---

## THIRD-PARTY DEFENDANT LESLIE MOATS, M.D.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

       Defendant, Leslie Moats, M.D. through counsel, FARACI LEASURE, LLC, moves the Court to dismiss the Third-Party Compliant against him pursuant to Fed. R. Civ. P. 12(b)(6).  As grounds, Dr. Moats states as follows:

### CERTIFICATE OF CONFERRAL

       Counsel for Dr. Moats has conferred with counsel for Third-Party Plaintiffs regarding the relief requested in this motion.  Counsel for Third-Party Plaintiffs does not agree with Dr. Moats' legal arguments and does not agree to dismissal.

### SUMMARY OF ARGUMENT

       Permitting Third-Party Plaintiffs to assert a claim against Dr. Moats based upon the care Dr. Moats provided to Deramus Lemuel would create essentially limitless liability for medical

providers.  Dr. Moats has no physician-patient or other legal relationship with Third-Party Plaintiffs, has no duty to them, and Third-Party Plaintiffs should not be permitted to assert a claim against Dr. Moats in an attempt to avoid liability for their own actions.

Further, Third-Party Plaintiffs have no standing to assert claims against Dr. Moats under the Wrongful Death Statute, which specifically identifies who can bring a lawsuit for the death of another.  The Complaint therefore fails to set forth a claim against Dr. Moats upon which relief can be granted, and the Court should dismiss the Third-Party Complaint against him.

## FACTUAL BACKGROUND

1.      Demarus Lemuel was a patient at Memorial Hospital from July 31, 2018 to August 1, 2018.  **[Document 30]**, p. 84.

2.      Dr. Moats was Mr. Lemuel's physician when he was in the emergency department from July 31, 2018 to August 1, 2018.  **[Document 30]**, p. 86.

3.      After being seen in the emergency department, Mr. Lemuel was transported to the El Paso County Criminal Justice Center ("CJC"), arriving around 03:53:00 hours.  **[Document 30]**, p. 16 – 17.

4.      At the CJC, Mr. Lemuel was taken into Cell 3, with his wrists hand-cuffed in front of him.  **[Document 30]**, p. 23.

5.      Upon entering cell 3, attempts were made to replace Mr. Lemuel's clothing with a safety smock, and to remove his restraints.  **[Document 30]**, p. 24.  During this process, Mr. Lemuel did not comply with verbal commands.  *Id*.

6.      While trying to place the safety smock on Mr. Lemuel, Third-Party Plaintiff Deputy LeBaron drove his right elbow into Mr. Lemuel's shoulder blade and back area, and later

delivered two knee strikes to Mr. Lemuel's right oblique area.  Along with another deputy, Deputy LeBarron forcibly extended Mr. Lemuels' arms above his head, which involved "deliver[ing] a couple elbow strikes to the shoulder area."  **[Document 30]**, pp. 26-27.

7.      Third-Party Plaintiff Deputy Bugress applied a hypoglossal pressure point control technique to the right side of the jaw line of Mr. Lemuel's head.  **[Document 30]**, p. 27.

8.      While attempting to place a spit hood on Mr. Lemuel and secure his arms, Third Party Plaintiff Deputy Miller placed his left hand and the shin of his right leg on Mr. Lemuel's right arm applying pressure and securing it between his shin and the floor.  He also delivered an elbow strike to the back of Mr. Lemuel's right shoulder when Mr. Lemuel attempted to bite Deputy Miller.  **[Document 30]**, p. 28 – 29.

9.      Leg restraints were placed on Mr. Lemuel and his clothes were cut off. **[Document 30]**, p. 30.

10.     After Mr. Lemuel was secured, deputies began to put him in a safety smock, when his limbs went limp and his breathing became shallow.  **[Document 30]**, p. 31.

11.     At or about 04:11:28 hours on August 1, 2018, outside medical assistance had been called for Mr. Lemuel and he received lifesaving efforts to revive him.  At or about 04:24:24 hours, the Colorado Springs Fire Department took over lifesaving efforts including chest compressions.  Lemuel left CJC around 04:39:36 hours by ambulance.  **[Document 30]**, p. 90.

12.     Mr. Lemuel died on August 14, 2018.  **[Document 30]**, p. 41.

13.     Plaintiffs initiated this ligation by filing a Complaint against Defendants on June 25, 2020.  **[Document 1]**.

4

14.     On August 20, 2020, El Paso County, Colorado, Deputy Daniel Lebaron, Deputy Brittany Williams, Deputy Ann Hanzich, Deputy Brandon Burgess, Sergeant Kimberly Miller, Sergeant James Rodriguez, Deputy John Brienza, Deputy Chadwick Young, Sergeant Cody Wright, and Deputy Kevin Thorpe ("Third-Party Plaintiffs") filed their Answer and Jury Demand.  **[Document 30].**

15.     With their Answer, Third-Party Plaintiffs also filed a Third-Party Complaint against Dr. Moats and others.  **[Document 30]**.

16.     Third-Party Plaintiffs allege that Dr. Moats was negligent in his care, assessment and treatment of [Mr.] Lemuel.  **[Document 30]**, p. 91.

17.     This allegation of negligence forms the basis of Third-Party Plaintiffs' claim against Dr. Moats for "Negligence/Wrongful Death."  **[Document 30]**, p. 90-91 (First Claim for Relief).

## STANDARD OF REVIEW

Dismissal is proper under Fed. R. Civ. P. 12(b)(6) if the factual allegations of the complaint fail to state a claim for relief that is plausible on its face.  *See United States ex rel. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1217 (10th Cir. 2008).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)) (emphasis added).  The plausibility standard is not akin to a "probability requirement," but it does require more than the sheer possibility that a defendant acted unlawfully.  *Twombly*, 550 U.S. at 556.  Additionally, a plaintiff may not rely upon a "formulaic recitation of the elements

of a cause of action." *Id.* at 555.

*Twombly* requires a two-part analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Iqbal,* 556 U.S. at 678-80.  Second, the court must consider the remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.  The *Twombly* court emphasized the dangers of allowing plaintiffs to use the costly and burdensome process (or even the threat) of discovery to pressure defendants into a settlement, or simply to root around for some plausible basis for a claim that is otherwise lacking from the facts alleged in the complaint.  *See Twombly*, 550 U.S. at 558. Instead, only specific factual allegations that support the plausibility of each individual claim will justify allowing such "a potentially massive factual controversy to proceed." *Id.*

## ARGUMENT

## I. THIRD-PARTY PLAINTIFFS HAVE FAILED TO ESTABLISH THAT DR. MOATS OWES THEM A DUTY OF CARE

Third-Party Plaintiffs, who are El Paso County and several of its Sheriff's Deputies, have asserted a claim against Dr. Moats for professional negligence under the Wrongful Death Act, C.R.S. § 13-21-201, *et seq.* ("WDA").  "Under Colorado law, to recover for the negligent conduct of another, a plaintiff must establish: 1) the existence of a legal duty owed to the plaintiff by the defendant; 2) breach of that duty; 3) injury to the plaintiff; and 4) actual and proximate causation."  *Sanders v. Acclaim Entm't, Inc.,* 188 F. Supp. 2d 1264, 1271 (D. Colo. 2002) (citing *Leake v. Cain*, 720 P.2d 152, 155 (Colo. 1986)).  To establish a claim of negligence, the plaintiff must clearly enumerate in the complaint "what each defendant did to

him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

If a negligence action is based on facts that do not impose a duty of care on a defendant **for a plaintiff's benefit**, the claim fails. *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 2002); *Perreira v. Colorado*, 768 P.2d 1198, 1208 (Colo. 1989). Whether a defendant owes a duty of care to prevent an injury to another is a threshold question of law for the court. *Sanders*, 188 F. Supp. 2d at 1271; *Smith v. City & County of Denver*, 726 P.2d 1125, 1126 (Colo 1986); *Walcott v. Total Petroleum, Inc.*, 964 P.2d 609, 612 (Colo. App. 1998). Under Colorado law, a "negligence claim must fail if it is based on circumstances for which the law imposes no duty of care upon the defendant **for the benefit of the plaintiff**." *University of Denver v. Whitlock*, 744 P.2d 54, 57 (Colo. 1987) (emphasis added). "The court determines, as a matter of law, the existence and scope of the duty -- that is, whether the plaintiff's interest that has been infringed by the conduct of the defendant is entitled to legal protection." *Id.* (citing *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313, 317 (Colo. 1980)).

When determining whether a duty exists, Courts consider a number of factors, "including the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the actor." *Whitlock*, 744 P.2d at 57, *citing Smith v. City & County of Denver*, 726 P.2d 1125 (Colo. 1986). "The question whether a duty should be imposed in a particular case is 'essentially one of fairness under contemporary standards—

whether reasonable persons would recognize a duty and agree that it exists.'" *Sanders*, 188 F.

Supp. 2d at 1271 (quoting *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987)).

Importantly, "Colorado courts have repeatedly rejected efforts to impose overly

burdensome and impractical obligations on defendants, including the obligation to identify

potential dangers." *Id.* at 1274-75. "This is especially so where those obligations would

interfere with the social utility of a defendant's conduct or other important societal values."

A claim for medical malpractice is a particular type of negligence action, and the duty of

care on which such an action is predicated "**arises out of the professional relationship between**

**physician and patient**." *Kellner v. Schultz*, 937 F. Supp.2d 1319, 1323 (D. Colo. 2013)

(emphasis added) (citing *Greenberg v. Perkins*, 845 P.2d 530, 534 (Colo. 1993)). It is the

relationship between the physician and the patient that forms the basis of the duty that is required

to establish a medical negligence claim.

There is no relationship between Dr. Moats and Third-Party Plaintiffs that would create a

duty for Dr. Moats to act for the benefit of Third-Party Plaintiffs. They have not pled facts to

establish any physician-patient relationship, or any other relationship, with Dr. Moats. Dr. Moats

provided care to Plaintiff, not Third-Party Plaintiffs. Plaintiff has chosen not to assert any claims

against Dr. Moats. Dr. Moats owed Third-Party Plaintiffs no duty of care, and therefore Third-

Party Plaintiffs have no viable claim based on purported negligence of Dr. Moats in treating

Plaintiff.

Further, permitting Third-Party Plaintiffs to assert a claim against Dr. Moats based upon

the care Dr. Moats provided to Mr. Lemuel would create an unreasonable burden for medical

providers. The existence of a duty from medical providers to unknown third parties who the

providers have not agreed to treat would expose medical providers like Dr. Moats to lawsuits by anyone who claims to have been tangentially harmed by physicians' care of their patients.  This would enormously expand the concept of duty beyond the physician-patient relationship and would effectively render the duty element a nullity.

Third-Party Plaintiffs have failed to plead facts establishing that Dr. Moats owed them a duty, and the Court should dismiss the Third-Party Compliant.

## II.     THIRD-PARTY PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY HAVE STANDING TO BRING A CLAIM AGAINST DR. MOATS.

Standing, which is jurisdictional, requires that a plaintiff suffer an injury-in-fact fairly traceable to the actions of the defendant that is redressable by the court.  *Mitchell Food Prods., Inc. v. United States*, 43 Fed.Appx. 369, 369 (Fed. Cir. 2002).  To demonstrate standing, a Plaintiff must establish it suffered an injury in fact to a legally protected interest.  *Awad v. Ziriax*, 670 F.3d 1111, 1120 (10th Cir. 2012).  In other words, to have standing, plaintiff must have a claim for relief under the constitution, the common law, a statute or a regulation.  *Hansen v. Barron's Oilfield Service, Inc.*, 429 P.3d 101, 104 (Colo. App. 2018).

Colorado's WDA "creates a statutory right to bring suit for a person's death resulting from negligence."  *Hansen v. Barron's Oilfield Service, Inc.*, 429 P.3d 101, 104 (Colo. App. 2018).  "Wrongful death actions did not exist at common law and are entirely creatures of statute."  *Id.* at 105.  As a result, "the terms of recovery are determined exclusively from the statute."  *Mitson v. AG Eng'g & Dev. Co.* 835 F. Supp. 572, 573 (D. Colo. 1993).  Colorado "has vested the right of recovery under the WDA 'solely in the person[s] named in the statute.'"  *Hansen*, 429 P3d at 104 (citing *Espinoza v. Perez*, 165 P.3d 770, 774 (Colo. App. 2006)).

9

This statute specifically defines who has the statutory right to file a wrongful death action and when.  It provides, in pertinent part, that a wrongful death action may be pursued as follows:

    (a) In the first year after such death:

        (I) By the *spouse* of the deceased;

        (II) Upon the written election of the *spouse*, by the *spouse* and the heir or heirs of the deceased;

        (III) Upon the written election of the *spouse*, by the heir or heirs of the deceased; or

        (IV) *If there is no spouse*, by the heir or heirs of the deceased or the designated beneficiary, if there is one designated pursuant to article 22 of title 15, C.R.S., with the right to bring an action pursuant to this section, and if there is no designated beneficiary, by the heir or heirs of the deceased;

    (b)(I) In the second year after such death:

        (A) By the *spouse* of the deceased;

        (B) By the heir or heirs of the deceased;

        (C) By the spouse and the heir or heirs of the deceased; or

        (D) By the designated beneficiary of the deceased, if there is one designated pursuant to article 22 of title 15, C.R.S., with the right to bring an action pursuant to this section, and the heir or heirs of the deceased.

C.R.S. § 13-21-201.  Under certain circumstances that are not applicable here, the parents of a decedent may bring a claim under this statute.

The Third-Party Plaintiffs, El Paso County, Colorado, Deputy Daniel Lebaron; Deputy Brittany Stubbs, Deputy Ann Hanzich, Deputy Brandon Burgess, Sergeant Kimberly Miller, Sergeant James Rodriguez, Deputy John Brienza, Deputy Chadwick Young, Sergeant Cody Wright, and Deputy Kevin Thorpe – are not the spouse, heirs, designated beneficiary or parents of Deramus Lemuel.  Therefore, as a matter of law, the Third-Party Plaintiffs have no authority under the statute to assert a claim against Dr. Moats under Colorado's WDA.

## **CONCLUSION**

The Third-Party Complaint against Dr. Moats fails and must be dismissed, because the defects cannot be cured.  Third-Party Plaintiffs have failed to demonstrate a *prima facie* claim for negligence/wrongful death against Dr. Moats, as Dr. Moats did not owe Third-Party Plaintiffs any duty.  Further, Third-Party Plaintiffs also lack standing to bring a claim under the WDA. Therefore, the Court should dismiss the Third-Party Complaint against Dr. Moats.

WHEREFORE, Defendant Leslie Moats, M.D., respectfully requests that the Third-Party Complaint against him be dismissed, with prejudice, requests his costs and fees associated with filing this motion be awarded, and for whatever additional relief the Court deems appropriate. DATED this 26th day of October, 2020.

*s/ Paul A. Faraci*
Paul A. Faraci, Esq.
Jessie M. Fischer, Esq.
FARACI LEASURE, LLC
4500 Cherry Creek Drive South, Suite 675
Glendale, Colorado 80246
Telephone: (720) 904-1190
Fax: (720) 294-1190
Email: pfaraci@faracileasure.com
           jfischer@faracileasure.com

Attorneys for Defendant
Leslie Moats, M.D.

**<u>CERTIFICATE OF SERVICE</u>**

  The undersigned hereby certifies that on this 26th day of October, 2020, the foregoing **THIRD-PARTY DEFENDANT LESLIE MOATS, M.D.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


           *_/s/ Adrienne Abatemarco_____*