IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01875-PAB-KMT

**ESTATE OF DERAMUS DEWAYNE LEMUEL**, by and through its personal representative, Elizabeth Lemuel, **ELIZABETH LEMUEL**, individually, and **Z.D.-L.M.L**., **D.J.L**., **D.S.L**., and **Z.A.T.L**., individually, minors, by and through their legal guardian Elizabeth Lemuel,

    Plaintiffs,
v.

**EL PASO COUNTY, COLORADO, ARMOR CORRECTIONAL HEALTH SERVICES, INC.,** and **DEPUTY DANIEL LEBARON**, **DEPUTY BRITTANY STUBBS**, **DEPUTY ANN BELL**, **DEPUTY BRANDON BURGESS**, **SERGEANT KIMBERLY MILLER**, **SERGEANT JAMES RODRIGUEZ**, **DEPUTY JOHN BRIENZA**, **DEPUTY CHADWICK YOUNG**, **SERGEANT CODY WRIGHT**, **DEPUTY KEVIN THORPE**, **NURSE DIANNA BEDIA**, and **NURSE ROBIN BAUER**, in their individual capacities,

    Defendants,
and

**EL PASO COUNTY, COLORADO,** and **DEPUTY DANIEL LEBARON**, **DEPUTY BRITTANY STUBBS**, **DEPUTY ANN BELL**, **DEPUTY BRANDON BURGESS**, **SERGEANT KIMBERLY MILLER**, **SERGEANT JAMES RODRIGUEZ**, **DEPUTY JOHN BRIENZA**, **DEPUTY CHADWICK YOUNG**, **SERGEANT CODY WRIGHT**, and **DEPUTY KEVIN THORPE**, in their individual capacities,

    Third-Party Plaintiffs,
v.

**UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL CENTRAL, LESLIE MOATS, M.D**., and **REBECCA EIGHTEEN, RN,**

    Third-Party Defendants.

---

**THIRD-PARTY DEFENDANTS' UCH-MHS and NURSE EIGHTEEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendants, UCH-MHS d/b/a University of Colorado Health Memorial Hospital Central

("UCH") and Rebecca Eighteen, RN ("Nurse Eighteen"), move to dismiss the Third-Party Complaint against them with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## PROCEDURAL BACKGROUND

Plaintiffs allege that the ten individual Third-Party Plaintiffs, all officers of the El Paso County Sheriff's Department (referred to as the "Individual EPSO Defendants" in Plaintiffs' Complaint and herein), killed Demarus DeWayne Lemuel through their use of, or failure to intervene in, excessive force and by their deliberate indifference to Mr. Lemuel's medical needs. Plaintiffs assert two claims for relief against the Individual EPSO Defendants under 42 U.S.C. § 1983.[1] [Document 1 ¶¶ 269-332]. Plaintiffs also assert a claim alleging negligence causing wrongful death under Colorado's Wrongful Death Act, C.R.S. § 13-21-201 *et seq.* against the other Third-Party Plaintiff, El Paso County, contending that it created, fostered, maintained and tolerated an environment and culture responsible for (1) the use of excessive force by EPSO officers and (2) the failure of employees and staff to provide reasonable and adequate medical care and treatment to detainees at the jail. [Document 1 ¶¶ 356-76].

Before Mr. Lemuel was transported to the jail, he received care from Dr. Leslie Moats and Nurse Rebecca Eighteen in the Emergency Department at University of Colorado Health Memorial Hospital Central ("UCH"). On August 26, 2020 the EPSO Defendants and El Paso County (collectively, "Third Party Plaintiffs") designated Dr. Moats, Nurse Eighteen and UCH, as non-parties at fault, pursuant to C.R.S. § 13-21-111.5(3)(a) and (b). [Document 35]. They contend that

---

[1] Plaintiffs also assert Section 1983 and Wrongful Death claims against Defendants Armor Correctional Health Services Inc., Nurse Dianna Bedia, and Nurse Robin Bauer. Because those Defendants have not asserted third-party claims against UCH or Nurse Eighteen, Plaintiffs' claims against those Defendants are not relevant to the issues raised by this motion.

2

UCH, Dr. Moats, and Nurse Eighteen discharged Mr. Lemuel while "still suffering the effects of methamphetamine poisoning" and that they were the "sole cause and or played a role in decedent's death." [Document 35 at 4]. Because Third-Party Plaintiffs designated Dr. Moats, Nurse Eighteen and UCH as non-parties at fault, the jury will be required to include them in its apportionment of fault.

On August 20 2020, the EPSO Defendants and El Paso County filed their Amended Answer and Third-Party Complaint [Document 30], asserting third-party claims against Dr. Moats (First Claim for Relief) and Nurse Eighteen (Second Claim for Relief) for professional negligence in their treatment of Mr. Lemuel and against UCH, asserting that it is vicariously liable under a theory of respondeat superior for Dr. Moats'[2] and Nurse Eighteen's alleged negligence in treating Mr. Lemuel (Third Claim for Relief). The EPSO Defendants and El Paso County (collectively "Third-Party Plaintiffs") seek "an assessment of negligence and/or fault and damages against Third-Party Defendants in the Civil Action for apportionment, contribution, and or otherwise to satisfy damages, in whole or in part, that may be awarded to Plaintiffs arising out of the death of Lemuel in the Civil Action and/or against the County Defendants." [Document 30 at 94-95].

On October 26, 2020, Dr. Moats moved to dismiss the third-party claim for negligence against him, asserting that the Third-Party Plaintiffs have failed to allege that he owed them a duty of care and because they lack standing to bring a claim against him under the Colorado Wrongful Death Act. [Document 44].

---

[2] UCH cannot be liable for Dr. Moats' actions as a matter of law as it cannot direct a physician in the practice of medicine. C.R.S. § 12-240-138(6).

## SUMMARY OF ARGUMENT

Fed. R. Civ. P. 14(a) does not permit Third-Party Plaintiffs to implead Nurse Eighteen or UCH by bringing claims which simply assert that Nurse Eighteen and UCH could also be liable <u>to the Plaintiff</u>. Third-Party Plaintiffs must assert an independent cause of action establishing that Nurse Eighteen and UCH are liable <u>to them</u>. They cannot do so. Third-Party Plaintiffs cannot assert a claim for professional negligence against Nurse Eighteen or hold UCH vicariously liable for her alleged professional negligence because neither Nurse Eighteen nor UCH owe a duty to Third-Party Plaintiffs. Further, Third-Party Plaintiffs lack standing to bring a wrongful death claim under the Colorado Wrongful Death Act.

Third-Party Plaintiffs state they are seeking apportionment and contribution, but these doctrines do not provide the basis for a viable third-party claim against UCH and Nurse Eighteen. Colorado abolished joint and several liability over three decades ago when it codified its fault-apportionment scheme. Since 1986, C.R.S. § 13-21-111.5(1) has ensured that no defendant will be held liable for more than its pro rata share of the fault. In 1987, C.R.S. § 13-21-111.5(3) was added to allow a defendant to designate non-parties it believes to also be at fault, who will then be included in the jury's apportionment of fault. These two provisions ensure that all potential tortfeasors are included in the assessment of fault, whether or not the Plaintiff chooses to sue them. Colorado law, which applies to Third-Party Plaintiffs' claims, provides no other mechanism for apportionment of liability.

Third-Party Plaintiffs may contend that the independent cause of action they intended to assert is a contribution claim and they should be permitted to amend the Third-Party Complaint to assert that claim. Amending the Third-Party Complaint will not cure the defect because Third-Party

Plaintiffs cannot establish an essential element of a contribution claim – that they have paid more than their pro rata share of the common liability. The Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-102 *et seq.* permits a defendant to subsequently seek contribution from another tortfeasor only if it has actually paid or agreed to pay more than its pro rata share of the liability. Third-Party Plaintiffs have not paid the entire common liability and by naming UCH and Nurse Eighteen as non-parties at fault, they have unequivocally stated that they do not agree to pay more than their pro rata share of the liability. Nor can they because the jury will apportion fault to the designated non-parties.

For these reasons, the Third-Party Plaintiffs have failed to state a claim upon which relief may be granted. Because the defects in their pleading cannot be cured by amendment, Third-Party Plaintiffs' Second Claim for Relief against Rebecca Eighteen, R.N. for Negligence/Wrongful Death and their Third Claim for Relief against UCH for Respondeat Superior should be dismissed with prejudice.

**ARGUMENT**

**I.    A Third-Party Defendant May Not Be Impleaded Merely Because It May Be Liable To The Plaintiff.**

Fed. R. Civ. P. 14(a) provides that a defendant may serve a summons and complaint on a non-party who "is or may be liable <u>to it</u> for all or part of the plaintiff's claim against it." The Third-Party Plaintiffs do not allege that they have direct claims against Nurse Eighteen or UCH for professional negligence or wrongful death. Rather, they contend that Nurse Eighteen breached her duty of care <u>to Mr. Lemuel</u> and caused <u>him</u> damage and that UCH owed a duty <u>to Mr. Lemuel</u> and is vicariously liable for Nurse Eighteen's alleged negligence. [Document 30 ¶¶ 44-46 (Nurse Eighteen owed duty of care to Mr. Lemuel, breached duty to Mr. Lemuel and

caused Mr. Lemuel injury), 50 (UCH owed duty of care to its patients)].

As set forth in Dr. Moats' Motion to Dismiss, which Nurse Eighteen and UCH join and incorporate herein by reference, Third-Party Plaintiffs have not plead a viable third-party claim for negligence or wrongful death because they have failed to allege that Nurse Eighteen or UCH owe any duty of care to them and because they lack standing under the Colorado Wrongful Death Act. Because Third-Party Plaintiffs do not even attempt to plead the required elements to allege that they have a viable claim for negligence or wrongful death against Nurse Eighteen and UCH, it appears that the essence of their claims is simply the implication that Nurse Eighteen and UCH may also be liable to Plaintiffs.

Seventy-five years ago, a defendant could implead a third-party based upon an assertion that the plaintiff had a cause of action against the third-party but that approach was eliminated with the 1946 amendments to Federal Rule of Civil Procedure 14, and subsequently made unnecessary by codification of the allocation of fault under state law. *See* Notes of Advisory Committee on Rules – 1946 Amendment ("the provisions in Rule 14(a) which relate to the impleading of a third party who is or may be liable to the plaintiff have been deleted. . . a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third-party complaint the third party as an additional defendant directly liable to the plaintiff."). Since the 1946 amendments, "a third-party defendant may not be impleaded merely because he may be liable to the plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978) (the third-party complaint alleged merely that [third-party defendant] negligence caused [plaintiff's] death and nowhere spelled out the basis for the third-party defendant's liability to the third-party plaintiff); *L&W Innovations, LLC v. Linli*

*Construction Inc.*, 2009 U.S. Dist. LEXIS 7450 *6 (D. Colo. 2009) ("a third party defendant may not be impleaded merely because he may be liable to the plaintiff"); *Public Service Co. v. District Court of Denver*, 638 P.2d 772, 774-75 (Colo. 1981) (explaining 1946 change in Fed. R. Civ. P. 14(a) eliminating language allowing defendant to implead third-party simply because third-party could be liable to plaintiff; rule now requires that third-party defendant be liable to third-party plaintiff).

Third-Party Plaintiffs' claims against Nurse Eighteen and UCH simply assert that Nurse Eighteen and UCH are or may be liable to Plaintiffs, are insufficient as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**II.     Third-Party Plaintiffs Cannot Correct the Defect In Their Pleading by Amending Their Third-Party Complaint to Assert a Claim for Contribution.**

It is apparent from the Third-Party Complaint and from discussions with counsel for Third-Party Plaintiffs that even though plead as direct claims for negligence or wrongful death, they instead intended to bring contribution or "apportionment" claims against Nurse Eighteen and UCH. *See* Document 30 at ¶ 48 and "Wherefore clause" ("seek assessment of negligence and/or fault and damages against Nurse Eighteen [and UCH] for apportionment, contribution, or otherwise to satisfy damages, in whole or in part that may be awarded to Plaintiffs"). A Third-Party Complaint is not a legally appropriate vehicle to achieve this purpose and is unnecessary because the Third-Party Plaintiffs have already taken the steps required to apportion fault under Colorado law by designating Nurse Eighteen and UCH as non-parties at fault.

**A.     There Is No Common-Law Claim for "Apportionment" in Colorado and Third-Party Plaintiffs Have Already Taken Advantage of the Only Available Mechanism To Apportion Fault to a Non-Party.**

Colorado law controls the Third-Party Claims. *Doering v. Copper Mt., Inc.,* 259 F.3d 1202,

1211 (10th Cir. 2001) ("Because the injury occurred in Colorado, the alleged negligent conduct occurred in Colorado, and the relationship between [the parties] is centered in Colorado, Colorado law controls"). In 1986, Colorado abrogated the common law doctrine of joint and several liability among tort-feasors, adopting instead a comparative fault statutory scheme apportioning liability among the parties by their relative degree of fault. C.R.S. § 13-21-111.5(1); *Harvey v. Farmers Ins. Exchange*, 983 P.2d 34, 37 (Colo. App. 1998). C.R.S. § 13-21-111.5(1) provides:

> in an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss.

In 1987, the Colorado Legislature added C.R.S. § 113-21-111.5(3) which permits a defendant to designate a non-party at fault so that the jury may apportion fault to non-parties. This ensures that no defendant will bear more than its pro rata share of the liability because the jury is required to consider the fault of all tortfeasors, whether or not the plaintiff has chosen to sue them. *Doering v. Copper Mt., Inc.,* 259 F.3d at 1216, quoting *Miller v. Byrne*, 916 P.2d 566, 577-78 (Colo. App. 1995) ("A defendant will still only be 'liable' for such defendant's share of the whole 'liability' because it shoulders only the amount of negligence or fault that properly 'belongs' to it, while designated nonparties who owe a duty and . . would be 'liable' to the plaintiff are charged with the balance"); *Harvey*, 983 P.2d at 39 (if defendant designates a non-party at fault, jury must allocate damages based on proportionate fault). There is no alternative means for apportioning fault under Colorado's statutory scheme and by designating Nurse Eighteen and UCH as non-parties at fault, the Third-Party Plaintiffs have ensured that they will not be held liable for more than their proportionate share of the fault.

### B. <u>Third-Party Plaintiffs</u> <u>Cannot Amend Their Complaint to Assert a Viable Claim for Contribution</u>

The Third-Party Plaintiffs may contend they should be permitted to amend their Third-Party Complaint to assert a claim for contribution, but they cannot assert a viable claim for contribution under Colorado law. Like allocation of fault, contribution is a creature of statute in Colorado and is governed by the Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-101 *et seq.*; *Greer v. Intercole Automation, Inc.*, 553 F. Supp. 275, 277 (D. Colo. 1982) ("the right of contribution in Colorado is in all respects a creature of statutory origin").

An examination of the statute makes it clear that Third-Party Plaintiffs cannot plead the essential elements of a contribution claim against Nurse Eighteen or UCH. In order to plead a claim for contribution in Colorado, tortfeasor must allege they:

(1) Have become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death (C.R.S. § 13-50.5-102(1)); and

(2) Have paid more than their pro rata share of the common liability (C.R.S. § 13-50.5-102(2)).

The right to contribution "exists only in favor of a tortfeasor who has paid more than his or her pro rata share of the common liability." C.R.S. § 13-50.5-102(2). As pointed out by the Colorado Supreme Court in *Brochner v. Western Ins. Co.*, 724 P.2d 1293 (Colo. 1986), because of the Colorado Legislature's abolition of the doctrine of joint and several liability and the codification of a comprehensive scheme for allocation of fault among parties and nonparties: "a tortfeasor no longer may unfairly be forced to pay all or a disproportionate share of damages suffered by an injured party as the result of negligent conduct by two or more joint tortfeasors." *Id.* at 1299.

Third-Party Plaintiffs have designated Nurse Eighteen and UCH as non-parties at fault and the jury will be required to apportion fault when rendering its verdict. Consequently, Third-Party Plaintiffs cannot be held responsible for more than their pro rata share "in tort for the same injury to person or property or for the same wrongful death" and therefore cannot assert a claim for contribution under C.R.S. § 13-50.5-102.

Even with this comprehensive allocation scheme it is not impossible to imagine a scenario in which a defendant, for whatever reason, does not designate a non-party at fault and is assessed with and pays more than its pro rata share of the liability. In those circumstances, the defendant may be able to bring a subsequent claim for contribution under the Uniform Contribution Among Tortfeasors Act after it has paid, or agreed to pay, more than its fair share. *Watters v. Pelican Intern.,* 706 F. Supp. 1452, 1456 (D. Colo. 1989) ("it is clear that [non-party designation under C.R.S. § 13-21-111.5] has obviated the need for a subsequent contribution action between joint tortfeasors" but a subsequent contribution claim may be made when a party has failed to designate a non-party). But that is not the case here and a claim for contribution is unavailable to the Third-Party Plaintiffs because Nurse Eighteen and UCH have been formally designated in the action under C.R.S. § 13-21-111.5(3).

This is consistent with C.R.S. § 13-50.5-104(4) which provides that when no judgment has been entered, a contribution claim is barred unless the tortfeasor seeking contribution has either:

(1) Paid the entire common liability or

(2) Agreed to discharge the common liability while the action is pending, <u>and</u> has within one year after the agreement, paid the liability and commenced the action for contribution.

10

The Third-Party Plaintiffs cannot satisfy either of these essential elements of a contribution claim. In fact, by designating Nurse Eighteen and UCH as non-parties and obtaining an apportionment of fault, they will not be required to pay the entire common liability as required by C.R.S. § 13-50.5-104(4) (1), and they certainly have not "agreed to discharge the common liability" as required by § 13-50.5-104(4)(2). Consequently, a claim for contribution is barred by C.R.S. § 13-50.5-104(4) and Third-Party Plaintiffs' pleading defect cannot be cured by amending their third-party complaint to assert a claim for contribution.

## CONCLUSION

The Third-Party Plaintiffs have not plead legally viable claims for negligence or vicarious liability or for contribution against Nurse Eighteen and UCH. Because they timely designated Nurse Eighteen and UCH as non-parties, the jury will apportion fault and Third-Party Plaintiffs will only be held responsible for their pro rata share of the fault and no contribution claim is available to them. For these reasons, Nurse Eighteen and UCH request that the Third-Party Complaint against them be dismissed with prejudice and that the Court award them the costs and fees associated with filing this motion and whatever additional relief the Court deems appropriate.

Respectfully submitted this 9th day of November 2020.

                                                        HENSEN | DuWALDT

*s/ Karen DuWaldt*

Stephen J. Hensen
Karen DuWaldt
1001 Bannock St., #39
Denver, CO 80204
(303) 293-2301
karen@hendulaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                         <u>*s/      Karen DuWaldt*</u>