IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, by and through its personal representative
Elizabeth Lemuel, et al.,

      Plaintiffs,

v.

EL PASO COUNTY, COLORADO, et al.,

      Defendants,

and

EL PASO COUNTY, COLORADO, et al.,

      Third-Party Plaintiffs,

v.

UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL
CENTRAL, LESLIE MOATS, M.D., and REBECCA EIGHTEEN, RN,

      Third-Party Defendants.

---

**THIRD-PARTY DEFENDANT LESLIE MOATS, M.D.'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

      Defendant, Leslie Moats, M.D. through counsel, FARACI LEASURE, LLC, hereby

Replies In Support Of His Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as follows:

### <u>SUMMARY OF ARGUMENT</u>

      In his Motion to Dismiss, Dr. Moats demonstrated that the Court should dismiss Third-

Party Plaintiffs' Complaint against him for two reasons.  First, Dr. Moats owes no duty of care to

Third-Party Plaintiffs, and therefore the only claim asserted – negligence, which requires proof

of a duty from Dr. Moats to Third-Party Plaintiffs – fails.  Second, Third-Party Plaintiffs have no

standing to bring a claim against Dr. Moats because Third-Party Plaintiffs cannot bring a claim under the Wrongful Death Act.

Rather than substantively respond to these arguments, Third-Party Plaintiffs cite to irrelevant statutes about contribution and third-party tortfeasors.  However, these statutes do not apply unless there is a viable claim.  Because Third-Party Plaintiffs have not met the threshold of demonstrating a claim upon which relief can be granted, the Third-Party Complaint should be dismissed.

## ARGUMENT

I.   **THIRD-PARTY PLAINTIFFS HAVE ASSERTED A CLAIM FOR "NEGLIGENCE," BUT DO NOT ESTABLISH THAT DR. MOATS OWED THIRD-PARTY PLAINTIFFS A DUTY OF CARE**

### a.   **Third-Party Plaintiffs Must Demonstrate that Dr. Moats Owed Them a Duty of Care**

Third-Party Plaintiffs' claim against Dr. Moats is for "Negligence/Wrongful Death." **[ECF #30]**, pp. 90-91.  Therefore, to state a claim upon which relief can be granted, Third-Party Plaintiffs must show that Dr. Moats owed them a duty of care.  Third-Party Plaintiffs' Response does not even respond to this argument; rather they cite to Fed. R. Civ. P. 14(a) as the basis for the Third-Party Claim, and argue this permits the Third-Party Complaint despite the fact that Dr. Moats did not owe them a duty of care.

As shown in Dr. Moats' Motion to Dismiss, if a negligence claim is based on facts that do not impose a duty of care on a defendant for a plaintiff's benefit, the claim fails.  *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 2002).  Under Colorado law, a "negligence claim must fail if it is based on circumstances for which the law imposes no duty of care upon the defendant **for the benefit of the plaintiff**."  *University of Denver v. Whitlock*, 744 P.2d 54, 57 (Colo. 1987) (emphasis added).

2

Dr. Moats did not provide any care to Third-Party Plaintiffs, and therefore owed them no duty of care. Because Dr. Moats did not owe Third-Party Plaintiffs a duty of care, they have no viable claim based on purported negligence of Dr. Moats in treating the decedent. Permitting Third-Party Plaintiffs to assert a claim against Dr. Moats based upon the care Dr. Moats provided to Mr. Lemuel would create an unreasonable burden for medical providers. The existence of a duty from medical providers to unknown third parties who the providers have not agreed to treat would expose medical providers like Dr. Moats to lawsuits by anyone who claims to have been tangentially harmed by physicians' care of their patients. Colorado law does not support imposition of such a duty.

### b.   Fed. R. Civ. P. 14(a) Does Not Provide a Substantive Right of Action

Fed. R. Civ. P. 14(a) does not provide a substantive right of action. Rather, it sets forth the procedure by which a Defendant/Third-Party may bring a cause of action against a Third-Party Defendant. This Rule provides a procedural vehicle for a Third-Party Complaint. It states that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The Rule provides no substantive legal basis for the claim for relief itself. That is, the claim itself must still be viable under substantive law. As noted above, Plaintiff's claim against Dr. Moats is not viable under Colorado law, and Rule 14(a) cannot salvage it.

Further, Third-Party Plaintiffs' reliance on *Maxfour Engineers and Architects, LLC v. ARB, Inc.*, 233 F.R.D. 602, 605 (D. Colo. 2006) is misplaced. Dr. Moats' Motion to Dismiss is not based upon the fact that Third-Party Plaintiffs are asserting a claim that is different than the claims asserted by Plaintiff. Dr. Moats' Motion to Dismiss is based upon the fact that Third-Party Plaintiffs have not pled a legal theory against Dr. Moats that could support a claim for relief under Colorado substantive law.

## II.    THIRD-PARTY PLAINTIFFS HAVE FAILED TO DEMONSTRATE THEY HAVE STANDING TO BRING A CLAIM UNDER THE WRONGFUL DEATH ACT

As with Dr. Moats' argument regarding a duty of care, Third-Party Plaintiffs also fail to respond to the law establishing that Third-Party Plaintiffs do not have standing to bring this claim. Standing is a jurisdictional prerequisite. *Mitchell Food Prods., Inc. v. United States*, 43 Fed.Appx. 369, 369 (Fed. Cir. 2002).

Third-Party-Plaintiffs' claim against Dr. Moats is for "Negligence/Wrongful Death." Therefore, this claim is governed by Colorado's Wrongful Death Act. C.R.S. § 13-21-201, *et seq.* The Act allows only individuals who are specifically identified in the statute to bring a claim for Wrongful Death. *Hansen v. Barron's Oilfield Service, Inc.*, 429 P.3d 101, 104 (Colo. App. 2018). The Third-Party Plaintiffs, El Paso County, Colorado, Deputy Daniel Lebaron; Deputy Brittany Stubbs, Deputy Ann Hanzich, Deputy Brandon Burgess, Sergeant Kimberly Miller, Sergeant James Rodriguez, Deputy John Brienza, Deputy Chadwick Young, Sergeant Cody Wright, and Deputy Kevin Thorpe – are not the spouse, heirs, designated beneficiary or parents of Deramus Lemuel. Therefore, as a matter of law, the Third-Party Plaintiffs have no authority under the statute to assert a claim against Dr. Moats under Colorado's WDA.

## III.    THE STATUTES CITED BY THIRD-PARTY PLAINTIFFS DO NOT PROVIDE A BASIS FOR THEIR CLAIM AGAINST DR. MOATS

Third-Party Plaintiffs cite to two statutes in their Response, neither of which apply to this case. C.R.S. § 13-50.5-102 is inapplicable for multiple reasons. First, there is no joint and several liability for Dr. Moats and Third-Party Defendants. Joint or several liability is required for contribution. *Tex-Ark Joist Co. v. Derr & Gruenewald Const.*, 719 P.2d 384, 382 (Colo. App. 1986), *aff'd*, 749 P.2d 431 (Colo. 1988). "Joint and several liability" means that each tortfeasor may be held liable for the entire damages arising from a single injury. *Kussman v.*

4

*City & County of Denver*, 706 P.2d 776, 780 (Colo. 1985).  The right of contribution "vests" only upon the existence of a common liability.  *Greer v. Intercole Automation, Inc.*, 553 F. Supp. 275, 278 (D. Colo. 1982).

Here, Third-Party Plaintiffs have made no showing that Dr. Moats would be jointly and severally liable to them for any liability in the underlying lawsuit.  In fact, Colorado law requires the opposite conclusion.  The statute establishing pro rata liability of defendants, C.R.S. § 13-21-111.5, was adopted to abolish the harsh effects of joint and several liability.  *Miller v. Byrne*, 916 P.2d 566, 578 (Colo. App. 1995).  This statute implements the rule that each wrongdoer is liable only for the portion of a plaintiff's injuries represented by the wrongdoer's percentage of fault, and no "defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such a defendant."  *Id*.

C.R.S. § 13-21-111.5 is part of Colorado's strong policy of appropriating fault in tort actions.  *Sheron v. Lutheran Med. Ctr.*, 19 P.3d 796, 801 (Colo. App. 2000).  "The adoption of this statute was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result."  *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 536 (Colo. 1997).  Therefore, the Uniform Contribution Act does not apply here, and cannot serve as the basis for the Third-Party Compliant against Dr. Moats.

Secondly, there cannot be a claim for "contribution" at this time.  C.R.S. § 13-50.5-102 is part of the Uniform Contribution Among Tortfeasors Act.  This Act does not apply until two or more people are found liable.  C.R.S. § 13-50.5-102(1).  Accrual of a joint tortfeasor's action does not occur until there has been a judgment.  *Coniaris v. Vail Assocs.*, 586 P.2d 224, 225

(Colo. 1978).  A claim for contribution is a separate action than the underlying tort, and the rights and obligations of the tortfeasors flow, not from the tort, but from the judgment itself.  *Id.* Here, no judgment, settlement or payment of any kind has occurred, and therefore there can be no claim for contribution against Dr. Moats.

The second statute cited by Third-Party Plaintiffs, C.R.S. § 13-21-111.5, is the statute that applies to designations of non-party tortfeasors.  It also does not provide a basis for the County to assert a claim against Dr. Moats.  By definition, this statute applies only to **non-party** tortfeasors, and does not support an imposition of liability on Dr. Moats as a party.[1]

## CONCLUSION

Third-Party Plaintiffs failed to respond to any of the deficiencies identified in Dr. Moats' Motion to Dismiss.  They have not pled a viable claim for negligence/wrongful death against Dr. Moats, as Dr. Moats did not owe Third-Party Plaintiffs any duty.  Third-Party Plaintiffs also do not identify law that would confer standing to bring a claim under the WDA.  Therefore, the Court should dismiss the Third-Party Complaint against him.

DATED this November 23, 2020.


*s/ Paul A. Faraci*
Paul A. Faraci
Jessie M. Fischer
FARACI LEASURE, LLC
4500 Cherry Creek Drive South, Suite 675
Glendale, Colorado 80246
Telephone: (720) 904-1190
Fax: (720) 294-1190

---

[1]This statute actually cuts against Third-Party Plaintiffs' arguments, as it provides for a vehicle for a jury to apportion fault to a nonparty such as Dr. Moats.  Third-Party Plaintiffs could have designated Dr. Moats as a nonparty under this statute.  Regardless of whether a nonparty designation would have been upheld, the nonparty designation, not a Third-Party Complaint, would have been the appropriate method to address any claimed fault of Dr. Moats.

Email: pfaraci@faracileasure.com
jfischer@faracileasure.com

Attorneys for Defendant
Leslie Moats, M.D.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of November, 2020, the foregoing **THIRD-PARTY DEFENDANT LESLIE MOATS, M.D.'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_/s/ Adrienne Abatemarco_____