IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01875-PAB-KMT

**ESTATE OF DERAMUS DEWAYNE LEMUEL**, et al.

    Plaintiffs,

v.

**EL PASO COUNTY, COLORADO et al.**

    Defendants,

and

**EL PASO COUNTY, COLORADO et al.**

    Third-Party Plaintiffs,

v.

**UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL CENTRAL, LESLIE MOATS, M.D**., and **REBECCA EIGHTEEN, RN,**

    Third-Party Defendants.

---

**THIRD-PARTY DEFENDANTS' UCH-MHS and NURSE EIGHTEEN'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS**

---

Third-Party Defendants, UCH-MHS d/b/a University of Colorado Health Memorial Hospital Central ("UCH-MHS") and Rebecca Eighteen, RN ("Nurse Eighteen"), submit this reply to Third-Party Plaintiffs' ("TPPs") Response to Motion to Dismiss [Doc. 64] and in further support of their Motion to Dismiss the Third-Party Complaint against them with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. TPPS Have Not, and Cannot, Plead a Viable Claim for Contribution

TPPs asserted a single claim for negligence against Nurse Eighteen and a single claim for respondeat superior against UCH-MHS. TPPs do not claim that either of them had, or breached, any duty of care to the TPPs. Rather, TPPs allege that they breached duties of care to <u>Plaintiffs</u>. [Doc. 30 ¶¶ 42-52]. Nurse Eighteen and UCH-MHS moved to dismiss those claims because the TPPs did not allege they are liable to them as required by Fed. R. Civ. P. 14(a). TPPs now acknowledge that Rule 14(a) requires an independent cause of action establishing that Nurse Eighteen and UCH-MHS are liable <u>to them</u> [Doc. 64 ¶ 17] but as anticipated, argue they have satisfied this requirement because the actions of Nurse Eighteen and UCH-MHS "resulted in part or in whole, in the death of [Mr.] Lemuel, providing County Defendants a right to contribution." [Doc. 64 at 18]. Nurse Eighteen and UCH-MHS do not disagree, and did not argue, that if the TPPs' actually plead – or even could plead -- a viable contribution claim against them at this time, Rule 14 would permit them to assert it. However, even though TPPs baldly state that they have plead a claim for contribution [Doc. 64 ¶ 15], they have not. They have not alleged any of the required elements of a contribution claim and despite the fact that precise deficiencies were identified in the Motion to Dismiss, TPPs chose not to amend their claims to plead the essential elements within the time permitted by Fed. R. Civ. P. 15(a)(1)(b) and did not request leave to do so after the 21-day automatic right expired. For this reason alone, their claims should be dismissed.

Even if requested, leave to amend would be futile because TPPs cannot plead the essential elements of a contribution claim under the Uniform Contribution Among Tortfeasors Act ("UCTA"). A viable claim for contribution requires the following essential elements:

1. Two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death. C.R.S. § 13-50.5-102(1); and

2. A tortfeasor has paid more than his pro rata share of any common liability C.R.S. § 13-50.5-102(2)

It is well-settled that "a claim for contribution is an action separate and distinct from the underlying tort. The rights and obligations of the tortfeasors flow, not from the tort, but from the judgment or settlement itself." *D.R. Horton, Inc. v. D&S Landscaping, LLC*, 215 P.3d 1163, 1171-1172 (Colo. App. 2008), quoting *Coniaris v. Vail Assocs., Inc.,* 196 Colo. 392, 395, 586 P.2d 224, 225 (1978). "A cause of action on a claim for contribution does not accrue until settlement of or entry of judgment on the underlying tort claim." *Id., citing Kelly v. Mid-Century Ins. Co.,* 695 P.2d 752, 754 (Colo. App. 1984). TPPs contend that C.R.S. § 13-50.5-102(1)'s language that a tortfeasor may have "a right of contribution . . . even though judgment has not been recovered," trumps the remainder of the statutory requirements. [Doc. 64 ¶ 29]. TPPs acknowledge that "the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share" but contend that Nurse Eighteen's and UCH's reliance on this plain language "render[s] meaningless the sentence about the right arising before judgment." [Doc. 64 ¶ 30].

In ascertaining the plain meaning of a statute, the Court must look to the particular statutory language at issue, as well as the language and design as a whole. *Southern Ute Indian Tribe v. Amoco Production Co.,* 151 F.3d 151 (10th Cir.1998). A statute should be construed as a whole and in accordance with its plain meaning, *Ward v. Allstate Insurance Co.,* 45 F.3d 353 (10th Cir. 1994), and must be construed to give consistent, harmonious, and sensible effect to all of its provisions. *Avicomm, Inc. V. Colo. Public Utilities Commission,* 955 P.2d 1023 (Colo. 1998).

TPPs would like to give meaning only to the phrase "even though judgment has not been recovered" ignoring the rest of the Act. First, C.R.S. § 13-50.5-102(1) does not say, as TPPs contend, that the right to contribution <u>arises</u> before judgment. Rather, it says that there may be a right to contribution <u>even though there has not been a judgment recovered</u>. This distinction is critical. A tortfeasor may have a right to contribution if a judgment has been entered but not yet recovered, or if he pays more than his pro rata share of the liability in settlement. In those situations, the tortfeasor is required to or will pay more than his pro rata share of the liability and may seek contribution even though a judgment has not yet been recovered. This common-sense interpretation makes it easy to harmonize C.R.S. § 13-50.5-102(1) with C.R.S. §§ 13-50.5-102(2) and 104(4) which require that the tortfeasor have either been required to or agreed pay more than his pro rata share of the common liability prior to asserting the contribution claim. No such harmonization is possible with TPPs' interpretation which would permit assert of a contribution claim anytime, regardless of whether the other statutory requirements have been satisfied.

In *Debelle v. Western Skyways, Inc.*, 2010 U.S. Dist. LEXIS 14776, *3-4 (D. Colo. Feb. 3, 2010) (recommendation adopted by *Debelle v. Western Skyways, Inc.*, 2010 U.S. Dist. LEXIS 14625 (D. Colo. Feb. 19, 2010), the Court rejected an argument identical to TPPs' and dismissed a contribution claim. Plaintiff Debelle sued defendant Western for damages resulting from a plane crash. Western designated Tristar as a nonparty at fault and also filed a third-party complaint against Tristar for contribution. Tristar made the same arguments asserted here. First, that the plain language of C.R.S. § 13-50.5-104(4) requires either a judgment or that the tortfeasor seeking contribution has paid or agreed to pay the common liability, neither of which had occurred. Second, that the claim for contribution was redundant because Western had named Tristar as a non-

party at fault pursuant to C.R.S. § 13-21-111.5. The Court agreed and granted Tristar's motion to dismiss, reasoning:

> Western, in construing the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-50.5-102 relies only on subsection (1) which provides that where two or more persons become jointly or severally liable in tort for the same injury to persons or property there is a right of contribution among them even though judgment has not been recovered against all or any of them; but ignores the provision of subsection 2 stating that the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of a common liability, and the provisions of 13-50.5-104, which bars the right of contribution by Western against Tristar unless Western has discharged by payment the common liability.
>
> The case law relied upon by Western predates the enactment of the Colorado Uniform Contribution Among Tortfeasors Act, C.R.S. § 13-21-111.5, which abolished joint-and-several liability in cases like this and established a system of pro rata liability, the provisions of which Western has availed itself of by designating Tristar as a non-party Defendant, thereby causing Plaintiff to make Tristar a party Defendant. Therefore, at trial, the liability of both Western and Tristar, if any, will be allocated on pro rata basis, thereby affording Western the relief it seeks by way of its third-party complaint. Therefore, that claim is redundant.

*Id*., 2010 U.S. Dist. LEXIS 14776 at *4-5. TPPs further argue that C.R.S. § 13-50.5-104(4)'s bar does not apply because no determination as to the "common liability" has occurred. [Doc. 64 ¶ 32]. That is precisely the point. A claim for contribution does not arise until a determination or admission as to the "common liability" has occurred <u>and</u> one tortfeasor has paid or agreed to pay more than his pro rata share of that common liability. Finally, TPPs can have no claim for contribution against UCH-MHS at all because they allege only that it is vicariously liable. A party liable only on a theory of respondeat superior, not negligence, is not a joint tortfeasor within the meaning of C.R.S. § 13-50.5-102(1). *Serna v. Kingston Enters*., 72 P.3d 376 (Colo. App. 2002).

Nonetheless, TPPs argue that "the better and legally permitted solution" is to have the issues resolved in one proceeding" citing a case decided four years before Colorado's Tort Reform legislation was passed. [Doc. 64 at 33]. Because TPPs have designated Nurse Eighteen and UCH-MHS as non-parties at fault, the issues will be resolved in one proceeding and the claim for

contribution is not only premature, but also redundant.

## II. TPPs Can Assert No Viable Claim for Contribution Under Section 1983.

After making the above arguments, TPPs appear to concede that a contribution claim related to the negligence claim asserted by Plaintiff against the County is redundant and express what seems to be their true concern, that "if County Defendants cannot maintain the Third-Party Complaint, they may be required to satisfy all damages assessed by the jury on the Section 1983 claims." [Doc. 64 ¶ 23]. TPPs argue this Court must apply the three-step analysis set forth in *Burke v. Regalqdo*, 935 F.3d 960 (10th Cir. 2019) to determine whether contribution applies to the Section 1983 claims. In *Burke,* which dealt with the issue of setoff, not contribution, the Tenth Circuit explained that a court should first determine whether federal law is silent or deficient on an issue. Second, "[i]f no suitable federal rule exists,' the court turns to the law of the forum state to determine whether it addresses the issue at hand. Third, . . . 'courts are to apply state law only if it is not inconsistent with the Constitution and laws of the United States.'" *Burke*, 935 F.3d at 1041-42 (internal citations omitted).

Here, it is not necessary to apply the three-step analysis because no contribution claim has arisen and none is likely to arise. Even if, as TPPs fear, statutory apportionment of fault under Colorado law does not apply to the Section 1983 claims, they can only be held liable for the damage proximately caused by their own unconstitutional actions. The fact that the "conduct of other people may have concurrently caused the harm does not change the outcome as to [the defendant]." *Lippoldt v. Cole*, 468 F.3d 1204, 1220 (10th Cir. 2006). In *Wren v. Spurlock*, 798 F.2d 1313 (10th Cir. 1986), the Tenth Circuit held that because no defendant would be required to bear more than its share of the liability in a Section 1983 case, a contribution claim did not arise. *Id. at*

6

1323 ( "this is not a case for contribution. Rather, we agree with the trial court that [Plaintiff's] injury and resulting damages were divisible and therefore capable of apportionment by the jury").

Because no contribution claim has or is likely to arise, there is no need to apply the *Burke* analysis to determine whether the state law rules of contribution should be applied in a Section 1983 action. However, applying the three-step analysis for the sake of argument, also leads to the clear conclusion that contribution is not available to the TPPs.

1. *Does Federal Law Address the Issue?* Neither the Supreme Court nor the Tenth Circuit have addressed whether a federal common law right of contribution exists under Section 1983. TPPs rely on *Miller v. Apartments and Homes of New Jersey, Inc.*, 646 F.2d 101, 108 (3rd Cir. 1981), which was decided prior to two United States Supreme Court decisions addressing when and whether a federal common law right of contribution might be implied when a federal statute is silent on the issue. *Northwest Airlines v. Transp. Workers Union*, 451 U.S. 77, 88-89 (1981)(even assuming that all of the elements of a typical contribution claim are established, there is no federal common law right to contribution under Equal Pay Act or Title VII because there is no indication in the language of the statute or the legislative history that Congress intended such a remedy and because the remedy would conflict with the purposes of those statutes); *Tex. Indus. v. Radcliff Materials*, 451 U.S. 630, 635 (1981)(rejecting contribution under Sherman Act and Clayton Act for same reasons). The reasoning of both *Nw. Airlines* and *Tex. Indus.* suggests that the Supreme Court would also find no common law right to contribution under Section 1983 if that issue were before it. TPPs agree [Doc. 64 ¶ 27] yet still urge this Court to follow *Miller* (which relied on prior Title VII law contrary to the decision in *Nw. Airlines*) and proceed to the second step of the *Burke* analysis anyway.  [Doc. 64 ¶ 25 and 27].

2.      *Does State Law Address the Issue?* As discussed, Colorado law permits contribution under appropriate circumstances. But even if Colorado's contribution statute applies to Section 1983 claims, TPPs' claims fail for the reasons set forth above and for the additional reason that "there is no right of contribution in favor of any tortfeasor who has intentionally, willfully or wantonly caused or contributed to the injury or wrongful death." C.R.S. § 13-50.5-102(3). Plaintiff's Section 1983 claims against the TPPs are based on allegations of intentional, willful, and wanton conduct [Doc. 1 ¶¶ 297, 298, 331, 332] and therefore there can be no right of contribution. *Satterfield v. Ennis*, 2008 U.S. Dist. LEXIS 88366, *3-5 (D. Colo. Oct. 20, 2008) (no contribution in favor of any tortfeasor who has intentionally, willfully, or wantonly caused or contributed to the injury or wrongful death and therefore civil conspiracy claim is not subject to contribution). In *Gray v. Kansas City*, 603 F. Supp. 872 (D. Kan. 1985) the court rejected a contribution claim under Section 1983 because "there is no right of contribution in favor of any tortfeasor who has intentionally caused the harm" and also "because no judgment has yet been obtained in this case, any contribution action would not be premature." *Id.* at 876.

3.      *Is the State Law Inconsistent With the Purposes of Section 1983?* Permitting contribution would be inconsistent with the purpose of Section 1983 which is to compensate persons injured by deprivation of federal rights and prevent of abuses of power by those acting under color of state law. *Robertson v. Wegmann,* 536 U.S. 584, 590-91 (1978); *see also Berry v. Muskogee,* 900 F.2d 1489, 1503 (10th Cir. 1990)("[beyond providing compensation for victims of illegal conduct, it is clear that § 1983 was intended to provide special deterrence for civil rights violations.").

TPPs cite this Court's decision in *Robertson v. REP Processing, LLC*, 2020 U.S. Dist.

LEXIS 175456 (Sept. 24, 2020) in support of the proposition that Rule 14 should be liberally construed to permit their claims. [Doc. 64 ¶ 22]. Robertson sued defendant Rimrock under the Fair Labor Standards Act seeking to recover unpaid overtime. Rimrock filed a third-party complaint against Kestrel, alleging plaintiff was actually employed by Kestrel, not Rimrock and that Kestrel should be required to contribute to any damages. *Id.* at *2-3. This Court granted the plaintiff's motion to strike the claim, finding the FLSA does not permit indemnification because the remedial purpose of the FLSA is to protect employees, not employers, and that "allowing indemnification . . . would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute." *Id.*

Permitting contribution here would "flout the purpose of" Section 1983, undercutting its substantive, remedial and deterrent purposes. TPPs are accused of intentionally depriving Mr. Lemuel of his constitutional rights in a willful and wanton manner. TPPs seek to hold Nurse Eighteen, accused of simple negligence and UHC-MHS, accused only of vicarious liability, for TPPs intentional constitutional violations. Section 1983 requires and intentional, personal violation and does not provide a basis for vicarious liability. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978). As it did in *Robertson v. REP,* this Court should reject TPPs claim for contribution under Section 1983 because it conflicts with the remedial purpose of Section 1983.

## CONCLUSION

The Third-Party Plaintiffs have not plead legally viable claims for negligence or vicarious liability or for contribution against Nurse Eighteen and UCH-MHS because contribution claims require that TPPs be held found liable first. *Robertson v. REP,* at *20. No claim for contribution arises until TPPs are found liable and have paid more than their share of the pro rata liability.

Further, contribution is not available under Section 1983 for the reasons set forth above. Dismissing TPPs' claims against Nurse Eighteen and UCH-MHS will not prejudice TPPs in any way. If fault can be apportioned on a claim, it will be and TPPs will be liable only for their share of any common liability. In the unlikely event TPPs pay more than their pro rata share they may assert a claim for contribution after that claim arises. *Valdez v. Farmington*, 580 F. Supp. 19, 21 (D.N.M. 1984)(no prejudice in dismissing contribution claim because it could be asserted after judgment).

For these reasons, Nurse Eighteen and UCH-MHS request that the Third-Party Complaint against them be dismissed with prejudice and that the Court award them the costs and fees associated with filing this motion and whatever additional relief the Court deems appropriate.

Respectfully submitted this 24th day of December 2020.

HENSEN | DuWALDT

*s/ Karen DuWaldt*

Stephen J. Hensen
Karen DuWaldt
1001 Bannock St., #39
Denver, CO 80204
(303) 293-2301
karen@hendulaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of December 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/    Karen DuWaldt*