IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 20-CV-01875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, BY AND THROUGH ITS PERSONAL
REPRESENTATIVE ELIZABETH LEMUEL,
ELIZABETH LEMUEL, INDIVIDUALLY,
Z.D.-L.M.L., INDIVIDUALLY, A MINOR, BY AND THROUGH THEIR LEGAL GUARDIAN
ELIZABETH LEMUEL,
D.J.L., INDIVIDUALLY, A MINOR, BY AND THROUGH THEIR LEGAL GUARDIAN
ELIZABETH LEMUEL,
D.S.L., INDIVIDUALLY, A MINOR, BY AND THROUGH THEIR LEGAL GUARDIAN
ELIZABETH LEMUEL, AND
Z.A.T.L., INDIVIDUALLY, A MINOR, BY AND THROUGH THEIR LEGAL GUARDIAN
ELIZABETH LEMUEL,

    PLAINTIFFS,

V.

EL PASO COUNTY, COLORADO,
ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
DEPUTY DANIEL LEBARON, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BRITTANY STUBBS, IN HER INDIVIDUAL CAPACITY,
DEPUTY ANN BELL, IN HER INDIVIDUAL CAPACITY,
DEPUTY BRANDON BURGESS, IN HIS INDIVIDUAL CAPACITY,
SERGEANT KIMBERLY MILLER, IN HER INDIVIDUAL CAPACITY,
SERGEANT JAMES RODRIGUEZ, IN HIS INDIVIDUAL CAPACITY,
DEPUTY JOHN BRIENZA, IN HIS INDIVIDUAL CAPACITY,
DEPUTY CHADWICK YOUNG, IN HIS INDIVIDUAL CAPACITY,
SERGEANT CODY WRIGHT, IN HIS INDIVIDUAL CAPACITY,
DEPUTY KEVIN THORPE, IN HIS INDIVIDUAL CAPACITY,
NURSE DIANNA BEDIA, IN HER INDIVIDUAL CAPACITY, AND
NURSE ROBIN BAUER, IN HER INDIVIDUAL CAPACITY,

    DEFENDANTS,

AND

EL PASO COUNTY, COLORADO,
DEPUTY DANIEL LEBARON, IN HIS INDIVIDUAL CAPACITY,
DEPUTY BRITTANY STUBBS, IN HER INDIVIDUAL CAPACITY,
DEPUTY ANN BELL, IN HER INDIVIDUAL CAPACITY,
DEPUTY BRANDON BURGESS, IN HIS INDIVIDUAL CAPACITY,
SERGEANT KIMBERLY MILLER, IN HER INDIVIDUAL CAPACITY,
SERGEANT JAMES RODRIGUEZ, IN HIS INDIVIDUAL CAPACITY,
DEPUTY JOHN BRIENZA, IN HIS INDIVIDUAL CAPACITY,
DEPUTY CHADWICK YOUNG, IN HIS INDIVIDUAL CAPACITY,
SERGEANT CODY WRIGHT, IN HIS INDIVIDUAL CAPACITY,
DEPUTY KEVIN THORPE, IN HIS INDIVIDUAL CAPACITY,

THIRD-PARTY PLAINTIFFS,

V.

UCH-MHS D/B/A UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL CENTRAL, LESLIE MOATS, M.D., AND
REBECCA EIGHTEEN, RN,

THIRD-PARTY DEFENDANTS.

## DEFENDANTS BAUER AND BEDIA'S ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW, Defendants Nurse Dianna Bauer and Nurse Robin Bauer ("Armor Nurses" or "Defendants") by and through counsel, MESSNER REEVES LLP, and respectfully submits this Answer to Plaintiffs' Complaint ("Answer") as follows:

**DEFENDANTS' GENERAL OBJECTIONS AND RESPONSES TO ALLEGATIONS**

Armor Nurses object to the Complaint to the extent that is it not a complaint within the requirements of FRCP 8(a) and 8 (d), which require pleadings setting forth a claim for relief via a short and plain statement of the claims in simple, concise and direct manner. Accordingly, Defendants move to strike paragraphs 196-201 and 222-254 as immaterial, impertinent and scandalous pursuant to FRCP 12(f)(2). Defendants further object to the compound, argumentative and selective nature of Plaintiffs' allegations as drafted. Armor Nurses deny each and every allegation in the Complaint that has not otherwise been specifically admitted or denied. Defendants specifically deny all allegations contained in any footnotes contained within the Complaint.

### I.   INTRODUCTION

1. With respect to paragraphs 1-10 of the Complaint, Armor Nurses admit that on August 1, 2018, Mr. Lemuel was transported to the CJC after being released from Memorial

Hospital for a potential drug overdose. Armor Nurses admit that Mr. Lemuel was placed in a spit hood after he became combative and began to spit on deputies. Armor Nurses admit that Armor employees attempted to administer CPR and other live saving measures on Mr. Lemuel prior to his transfer to the hospital, where he later died on August 14, 2018. With respect to the coroner's findings in the autopsy report, the report speaks for itself and therefore no response is required. Armor Nurses deny the remainder of the allegations contained in paragraphs 1-10 of the Complaint.

## II.   JURISDICTION AND VENUE

2.  The allegations contained in paragraphs 11-12 of the Complaint state legal conclusions, to which no response is required. Defendants have no objection to venue.

## III.   PARTIES

3.  Armor Nurses do not have sufficient information to admit or deny the allegations contained in paragraphs 13-18 of the Complaint regarding Mr. Lemuel's prior residency, the residencies of Plaintiffs, and Plaintiffs' relationships to Mr. Lemuel, and therefore deny them.

4.  The allegations contained in paragraphs 19-32 of the Complaint do not appear to be directed at Armor Nurses. Therefore, no response is required. To the extent a response from Armor Nurses is required, Armor Nurses do not have sufficient information to admit or deny the allegations contained in paragraph 19-32 of the Complaint, and therefore deny them.

5.  Regarding paragraph 33 of the Complaint, Armor Nurses admit that Armor Correctional is a privately-owned Colorado corporation with its principal address located at 4960 SW 72nd Ave., Ste. 400 in Miami, Florida, and its registered agent in Colorado, C T Corporation System, located at 7700 E. Arapahoe Rd., Ste. 220 in Centennial, CO. Armor Nurses also admit that Armor Correctional contracted with El Paso County to provide medical services to its inmates.

The remainder of the allegations contained in paragraph 33 of the Complaint state legal conclusions, to which no response is required. To the extent a response is required, Armor Nurses deny the remaining allegations.

6. Regarding paragraph 34 of the Complaint, Armor Nurses admit that Armor Correctional is a privately-owned corporation. Armor Nurses deny the remainder of the allegations contained in paragraph 34 of the Complaint.

7. Paragraph 35 contains no factual allegations and thus no response is required. To the extent a response is necessary Armor Nurses deny the remaining allegations.

8. Defendants admit the allegations in paragraphs 36 and 37 of the Complaint.

9. Paragraph 38 of the Complaint contains no factual allegations and thus no response is required. To the extent a response is required, Armor Nurses deny the remaining allegations.

## IV.   FACTUAL ALLEGATIONS

10. Armor Nurses do not have sufficient information to admit or deny the allegations contained in paragraphs 39-65 of the Complaint, and therefore deny them.

11. With respect to the allegations contained in paragraphs 66-118 of the Complaint, Armor Nurses admit that Mr. Lemuel was booked into the El Paso County Jail as a pre-trial detainee on August 1, 2018 after ingesting methamphetamine and being released from Memorial Hospital. Further, Armor Nurses admit that Mr. Lemuel was transferred to Memorial Hospital on August 1, 2018, where he passed away on August 14, 2018. Armor Nurses also admit that Plaintiff received care and treatment consistent with the Armor medical records, but state that those records may not provide all of the information regarding the evaluation, care and treatment of Plaintiff. Armor Nurses deny any inference or statement that could be construed as constituting an allegation of a constitutional violation or negligence against it or its employees in these paragraphs. Armor

Nurses specifically deny that they committed any constitutional violations, deny that Mr. Lemuel was mistreated while in Armor's care and assert that their care and treatment of Mr. Lemuel was at all times reasonable and appropriate. To the extent these paragraphs contain allegations against other Defendants, no response is required. To the extent that these allegations seek legal conclusions, no response is required. To the extent these allegations are intended to or could be construed to assert allegations against Armor Nurses, the allegations are denied.

12. Armor Nurses deny the allegations contained in paragraphs 119-128 (please note that there are two paragraphs labeled 129 in Plaintiff's Complaint. This denial includes the paragraph 129 that appears before enumerated paragraph 128 in the Complaint.) To the extent these paragraphs contain allegations related to other Defendants, no response is required.

13. Regarding paragraphs 129-152, Armor Nurses admit that Plaintiff received care and treatment consistent with the Armor medical records, but that those records may not provide all of the information regarding the evaluation, care and treatment of Plaintiff. Armor Nurses deny any inference or statement that could be construed as constituting an allegation of a constitutional violation or negligence against them in these paragraphs. Armor Nurses specifically deny that they committed any constitutional violations, deny that Mr. Lemuel was mistreated while in Armor's care and assert that their care and treatment of Mr. Lemuel was at all times reasonable and appropriate. To the extent these paragraphs contain allegations against other Defendants, no response is required. To the extent that these allegations call for legal conclusions, no response is required. To the extent these allegations are intended to or could be construed to assert allegations against Armor Nurses, the allegations are denied.

14. Armor Nurses deny the allegations contained in paragraph 153 and 154 of the Complaint.

15. Armor Nurses lacks sufficient information to admit or deny the allegations contained in paragraphs 155 -160 of the Complaint and therefore deny them. To the extent these paragraphs contain allegations related to other Defendants, no response is required.

16. Armor Nurses deny the allegations contained in paragraph 161 of the Complaint.

17. With respect to paragraphs 162-167 of the Complaint, Armor Nurses admit that Mr. Lemuel passed away on August 14, 2018. With respect to the remainder of allegations contained in paragraphs 162-167, Armor Nurses lack sufficient information to admit or deny the allegations contained, and therefore deny them.

18. The allegations contained in paragraphs 168 and 169 refer to statement made in Mr. Lemuel's autopsy report, which speaks for itself, and therefore no response is required. To the extent these paragraphs misstate the information in the autopsy report, they are denied.

19. Armor Nurses deny the allegations contained in paragraphs 170-174 of the Complaint. Armor Nurses specifically object to the argumentative and conclusory nature of the allegations contained in these paragraphs and deny any inference or statement that could be construed as an allegation of a constitutional violation or negligence against them

20. Armor Nurses lack sufficient information to admit or deny the allegations contained in paragraph 175 and 177 and therefore deny them. To the extent these allegations call for legal conclusions, they are denied.

21. Armor Nurses deny that there was any unconstitutional delay in emergency medical aid for Mr. Lemuel, as alleged in paragraph 176 of the Complaint. With respect to the remainder of the paragraph, the allegations are vague and unclear as to Plaintiff's allegations regarding whether medical defendants were "disciplined or counseled" and therefor Armor Nurses deny them.

22. Paragraphs 178-213 of the Complaint appear to be directed at other Defendants and therefore no response is required. To the extent a response is required, Armor Nurses specifically deny the argumentative, scandalous, and conclusive nature of these allegations and further deny any inference of negligence or misconduct that may be directed at Armor Nurses within those paragraphs.

25. Armor Nurses admit the allegations contained in Paragraph 214 of the Complaint.

26. Paragraphs 215-255 of the Complaint appear to be directed at other Defendants and therefore no response is required. To the extent a response is required, Armor Nurses deny the allegations contained in paragraphs 215-255 of the Complaint. Armor Nurses specifically object to the argumentative, scandalous, and conclusive nature of these allegations and further deny any inference of negligence or misconduct contained within those paragraphs. Armor Nurses further deny that those allegations are relevant to the care at issue. To the extent the allegations contained within these paragraphs refer to audits or reports, those documents speak for themselves and no response is required. To the extent these paragraphs contain allegations related to other Defendants, no response is required.

27. Paragraphs 256-258 of the Complaint call for legal conclusions, therefore no response is required. To the extent a response is required, these allegations are denied.

28. Paragraphs 259-268 of the Complaint appear to be directed at other Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**14th Amendment – Excessive Force**
**(By the Estate Against Defendants El Paso County, LeBaron, Stubbs, Bell, Burgess, Miller, Rodriguez, Brienza, Young, Wright, Thorpe, and Bedia)**

29. Armor Nurses incorporate all paragraphs above as if fully reinstated herein.

30. Paragraphs 270 - 272 of the Complaint call for legal conclusions, therefore no response is required. To the extent a response is required, these allegations are denied. To the extent these paragraphs contain allegations against other Defendants, no response is required.

31. Armor Nurses deny the allegations contained in Paragraphs 273 and 274 of the Complaint. To the extent these paragraphs contain allegations against other Defendants, no response is required.

32. Paragraph 275 of the Complaint appears to be directed at other Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

33. Armor Nurses deny the allegations contained in Paragraphs 276 - 279 and 281 of the Complaint. To the extent these paragraphs contain allegations against other Defendants, no response is required.

34. Paragraph 280 of the Complaint appears to be directed at other Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

35. Paragraph 282 of the Complaint call for legal conclusions, therefore no response is required. To the extent a response is required, these allegations are denied. To the extent these paragraphs contain allegations against other Defendants, no response is required.

36. Armor Nurses deny the allegations contained in paragraph 283 of the Complaint. To the extent these paragraphs contain allegations against other Defendants, no response is required.

37. Paragraphs 284 – 286 and 288 – 294 of the Complaint appears to be directed at other Defendants and therefore no response is required. To the extent a response is required, these allegations are denied.

38. Armor Nurses deny the allegations contained in paragraphs 287 and 295 – 298 of the Complaint. To the extent these paragraphs contain allegations against other Defendants, no response is required.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983
## 14th Amendment – Failure to Provide Adequate Medical Care and Treatment
## (By the Estate Against All Defendants)

39. Armor Nurses incorporate all paragraphs above as if fully reinstated herein.

40. Paragraphs 300-306, 309, 313, 319 and 320 call for legal conclusions, to which no response is required. To the extent a response is required, Armor Nurses deny the allegations. To the extent these paragraphs contain allegations against other Defendants, no response is required.

41. Armor Nurses deny the allegations contained in paragraphs 307, 308, 310, 311, 312, 314, 315, 316, 317, 318, and 321-332 of the Complaint. To the extent these paragraphs contain allegations related to other Defendants, no response is required.

## THIRD CLAIM FOR RELIEF
## Negligence Causing Wrongful Death
## Colo. Rev. Stat. §§ 13-21-201 et seq.
## (By Elizabeth Lemuel, individually, Z.D-L.M.L., D.J.L., D.S.L., and Z.A.T.L. Against Defendants Armor, Bedia, and Bauer)

42. Armor Nurses incorporate all paragraphs above as if fully reinstated herein.

43. With respect to the allegations contained in paragraph 334 of the Complaint, Armor Nurses admit that Armor Correctional contracted with El Paso County to provide medical services to its inmates. Armor Nurses deny the remaining allegations contained in paragraph 334 of the Complaint.

44. Paragraph 335 of the Complaint calls for a legal conclusion, to which no response is required. To the extent a response is required, Armor Nurses deny the allegations contained in this paragraph.

45. Paragraphs 336 - 341 of the Complaint call for conclusions of law, to which no response is required. To the extent a response is required, Armor Nurses admit they owe their patients a duty of care as set forth in Colorado statutes and case law. Armor Nurses deny the remaining allegations set forth in paragraphs 336 - 341.

46. Armor Nurses deny the allegations contained in paragraphs 342 - 355. To the extent these paragraphs call for legal conclusions, no response is required. Armor Nurses further deny that Plaintiffs are entitled to any relief.

**FOURTH CLAIM FOR RELIEF**
**Negligence Causing Wrongful Death**
**Colo. Rev. Stat. §§ 13-21-201 et seq.**
**(By Elizabeth Lemuel, individually, Z.D-L.M.L., D.J.L., D.S.L., and Z.A.T.L. Against Defendant El Paso County)**

47. Armor Nurses incorporates all paragraphs above as if fully reinstated herein.

48. Paragraphs 357 - 376 of the Complaint contain allegations against other Defendants, to which no response is required. To the extent a response is required, Armor Nurses deny any inference or statement that could be construed as constituting an allegation of a negligence against it in these paragraphs. Armor Nurses specifically deny that Armor or any of its employees committed any negligent acts or omissions during the care and treatment of Mr. Lemuel and asserts that their care and treatment of Mr. Lemuel was at all times reasonable and appropriate. To the extent that these allegations seek legal conclusions, no response is required. To the extent these allegations are intended to or could be construed to assert allegations against Armor Nurses, the allegations are denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs, the estate, or the decedent may not be the real parties in interest or proper parties to the claims set forth in Plaintiffs' Complaint.

2. Plaintiffs' injuries and damages, if any, may have been caused by preexisting causes or conditions of the decedent.

3. In the event that a verdict is returned in favor of the Plaintiffs, Armor Nurses are entitled to a reduction of the damage award, if any, to the extent of any payments made to Plaintiff from a collateral source under the provisions of C.R.S. § 13-21-111.6 and C.R.S. § 13-64-402.

4. Plaintiffs' recovery, if any, in this action is governed and may be barred or limited by the provisions of C.R.S. § 13-20-101, C.R.S. § 13-21-102.5, C.R.S. § 13-21-111.5, C.R.S. § 13-21-111.6, C.R.S. §§ 13-21-203 and 13-21-203.5, C.R.S. § 13-64-101, *et seq.*, and other applicable statutes.

5. Any damages complained of by Plaintiffs may have been caused by the acts or omissions of others over whom Armor Nurses had no control or no right of control.

6. Plaintiffs' claims may be totally or partially barred by the decedent's comparative negligence, which diminishes or abolishes Plaintiffs' right of recovery pursuant to C.R.S. § 13-21-111, the decedent's failure to follow medical advice, and the decedent's failure to mitigate.

7. Plaintiffs' Complaint fails to state claims for relief against Armor Nurses upon which relief may be granted.

### NOTICE AND RESERVATION OF RIGHT TO AMEND

Armor Nurses reserve the right to add additional defenses, and/or withdraw one or more of their existing defenses, as warranted or required by subsequent investigation and ongoing discovery in this lawsuit.

### JURY DEMAND

**ARMOR NURSES HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES.**

**WHEREFORE**, Armor Nurses, having answered the Plaintiffs' Complaint, pray that judgment

be entered against the Plaintiff and the Plaintiffs' complaint be dismissed with prejudice, and Armor Nurses be awarded costs, attorney's fees and any further relief the Court deems just and proper under the circumstances.

Respectfully submitted this 11th day of January 2021.

MESSNER & REEVES, LLP

*/s/ Simone M. Montoya*
Simone M. Montoya, (#37299)
Margaret Gray, (#48780)
MESSNER REEVES LLP
*Attorney for Defendants Armor, Bauer, and Bedia*
*This document was filed electronically pursuant to*
*C.R.C.P. 121 § 1-26.  Duly signed original on file at*
*the offices of Messner & Reeves, LLP.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **DEFENDANTS BAUER AND BEDIA'S ANSWER TO PLAINTIFFS' COMPLAINT** was filed and served via the Court's electronic case filing system and sent to Plaintiffs at their last recorded mailing address, on January 11, 2021, on all counsel of record.

*/s/ Tara L. Nelson*
Tara L. Nelson