IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, by and through its personal representative Elizabeth Lemuel et al.,

    Plaintiffs,

v.

EL PASO COUNTY, COLORADO et al.,

    Defendants,

and

EL PASO COUNTY, COLORADO et al.,

    Third-Party Plaintiffs,

v.

UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL CENTRAL et al.,

    Third-Party Defendants.

## ORDER

This matter is before the Court on Third-Party Defendant Leslie Moats, M.D.'s Motion to Dismiss [Docket No. 44] and Third-Party Defendants' UCH-MHS and Nurse Eighteen's Motion to Dismiss [Docket No. 50]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

**I. BACKGROUND**[1]

---

[1] The Court assumes that the allegations in the third-party complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Deramus Dewayne Lemuel was a patient at Memorial Hospital Central ("Memorial") in Colorado Springs, Colorado from July 31, 2018 to August 1, 2018, and then on August 1, 2018 to August 14, 2018. Docket No. 30 at 84, ¶¶ 4-5. Mr. Lemuel was arrested on July 31, 2018. *Id.* at 85-86, ¶ 10. The arresting officers believed that Mr. Lemuel may have ingested methamphetamine, leading them to take Mr. Lemuel to Memorial for a medical assessment. *Id.* On arrival, the officers informed medical staff that Mr. Lemuel "had a history of swallowing and hiding drugs" and that he was not being honest about the amount of drugs he had taken. *Id.* at 86, ¶ 11. Dr. Leslie Moats was the attending physician in the Emergency Department. *Id.*, ¶ 12.

During Dr. Moats' initial assessment of Mr. Lemuel, Dr. Moats noted that Mr. Lemuel denied using drugs, but that the officers believed he had ingested methamphetamine about an hour before. *Id.* at 86-87, ¶ 14. Dr. Moats' initial opinion was that Mr. Lemuel had "acute ethanol intoxication" and was "stable for discharge with no process that requires further immediate testing or hospitalization." *Id.* Dr. Moats ordered an abdominal x-ray, which showed "no evidence on plain radiographic imaging of acute abdominal pathology." *Id.* at 87, ¶ 16. Mr. Lemuel was also administered an injection of 2mg of Ativan. *Id.*, ¶ 17. Dr. Moats cleared Mr. Lemuel for discharge. *Id.* at 88, ¶ 18. However, roughly 45 minutes after being cleared, Mr. Lemuel was unable to walk to a wheelchair to be discharged and was "diaphoretic, shaking, and talking non-sensical." *Id.*, ¶ 19. Mr. Lemuel was therefore not discharged. *Id.*

Nurse Rebecca Eighteen, another third-party defendant here, noted that Mr. Lemuel had stabilized after being administered the Ativan, but that he was mumbling and grunting with his eyes closed and "somewhat diaphoretic, although afebrile." *Id.*,

¶ 20.  Roughly an hour and a half after that report, Nurse Eighteen noted that the severity of Mr. Lemuel's muscle spasms were decreasing but that he was still mumbling.  *Id.* at 89, ¶ 22.  Shortly thereafter, Dr. Moats ordered a drug screening.  *Id.*, ¶ 24.  However, before the results of the screening were obtained, Dr. Moats discharged Mr. Lemuel.  *Id.*, ¶ 25.

Officers then transported Mr. Lemuel to the El Paso County Criminal Justice Center.  *Id.* at 89-90, ¶ 28.  Within approximately twelve minutes, Mr. Lemuel went into cardiac arrest.  *Id.*  An ambulance took Mr. Lemuel back to Memorial.  *Id.*  Mr. Lemuel died thirteen days later on August 14, 2018.  Docket No. 1 at 3, ¶ 9.

On June 25, 2020, plaintiffs filed suit against defendants alleging claims under 42 U.S.C. § 1983 for excessive force and failure to provide medical care, and state law claims for wrongful death.  *Id.* at 55-70.  Plaintiffs did not assert claims against Dr. Moats, Nurse Eighteen, or Memorial.  *See id.* at 1.  On August 20, 2020, the various officers who oversaw Mr. Lemuel's arrest and brief incarceration, as well as El Paso County itself (collectively, "third-party plaintiffs"), filed their answer.  *See* Docket No. 30.  They also filed a third-party complaint against Memorial, Dr. Moats, and Nurse Eighteen (collectively, "third-party defendants").  *See id.* at 83-95.  Specifically, third-party plaintiffs allege that Dr. Moats and Nurse Eighteen are liable for apportionment or contribution that may be awarded to plaintiff for plaintiff's wrongful death claim, and allege that Memorial is liable for apportionment or contribution under a theory of respondeat superior for Dr. Moats and Nurse Eighteen wrongfully causing Mr. Lemuel's death.  *Id.* at 90-95.  On October 26, 2020 and November 9, 2020, third-party defendants filed motions to dismiss, arguing that third-party plaintiffs have failed to

properly plead claims against them under both Colorado law and Federal Rule of Civil Procedure 14.  See Docket Nos. 44, 50.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his]

4

claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III. ANALYSIS

Third-party defendants assert that they cannot be liable to third-party plaintiffs for wrongful death because (1) third-party plaintiffs owed no duty to third-party defendants and (2) Colorado's wrongful death statute does not apply to the situation here. *See* Docket No. 44 at 2-3; Docket No. 50 at 4-5; . Accordingly, because there is no substantive law to apply to third-party defendants' actions, they argue that they were improperly impleaded under Rule 14. *Id.*

Under Rule 14 of the Federal Rules of Civil Procedure, "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "Any party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "The decision to permit third-party proceedings under Rule 14 'rests in the sound discretion of the trial court.'" *Armstrong Transp. Grp., Inc. v. TR Toppers, Inc.*, No. 12-CV-02821-MSK-MEH, 2013 WL 12192489, at *2 (D. Colo. Mar. 13, 2013) (quoting *First Nat. Bank of Nocana v. Duncan Sav. & Loan*, 957 F.2d 775, 777 (10th Cir.

5

1992)).

"Rule 14 was intended 'to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.'" *Id.* (quoting *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954)). As such, Rule 14 "should be liberally construed to effectuate its intended purposes." *Acord*, 209 F.2d at 712.

However, the rule should not be used as a "catchall for independent litigation." *U.S. Fidelity & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968). "A third-party complaint may be asserted under [Rule 14(a)] only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant." *Saine v. A.I.A., Inc.*, 582 F. Supp 1299, 1309 (D. Colo. 1984). "It is not permissible to bring in a person as a third party defendant simply because he is or may be liable to the Plaintiff," *Weil v. Dreher Pickle Co.*, 76 F.R.D. 63, 65 (W.D. Okla. 1977); rather, "the third-party complaint is a narrow device for seeking indemnification or contribution from a person 'who is or may be liable to (the defendant) for all or part of the plaintiff's claim against him.'" *deHaas v. Empire Petroleum Co.*, 286 F. Supp. 809, 815 (D. Colo. 1968) (quoting Fed. R. Civ. P. 14)).

Third-party plaintiffs title their claims against Dr. Moats and Nurse Eighteen as "[n]egligence/[w]rongful death." *See* Docket No. 30 at 90, 93. However, they actually allege claims for contribution or apportionment. *See id.* at 92, ¶ 41 ("County Defendants seek assessment of negligence and/or fault and damages against Dr. Moats in the Civil Action for apportionment [or] contribution."); *see also id.* at 94, ¶ 48 ("County Defendant seek assessment of negligence and/or fault and damages against Nurse Eighteen in the

6

Civil Action for apportionment [or] contribution."). Thus, any discussion regarding duties, negligence, and the wrongful death statute is irrelevant. The appropriate inquiry is whether Rule 14 allows third-party plaintiffs to assert a claim against third-party defendants for apportionment or contribution for a state law negligence or wrongful death claim asserted by plaintiff. The Court finds that third-party plaintiffs may not assert such a claim.

Third-party plaintiffs argue that they are bringing the claim, "not as a medical malpractice claim," but under Rule 14. Docket No. 56 at 7. Rule 14, however, is not an independent basis of liability. A third-party plaintiff must show that third-party defendants are liable "to it . . . for all or part of the claim against it," Fed. R. Civ. P. 14(a)(1), and that the reason for their liability is tied to plaintiff's claim. *Saine*, 582 F. Supp at 1309; *deHaas*, 286 F. Supp. at 815. If third-party defendants are not liable to third-party plaintiffs, Rule 14 does not permit third-party defendants to be impleaded. "[A] third-party defendant may not be impleaded merely because he may be liable to the plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978). In other words, a "defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third-party complaint the third party as an additional defendant directly liable to the plaintiff." Fed. R. Civ. P. 14(a) advisory committee note to 1946 amendment.

In an attempt to save their claims, third-party plaintiffs state that third-party defendants are liable to third-party plaintiffs for contribution under Colorado Revised Statute § 13-21-111.5, which states that, "[i]n an action brought as a result of death or an injury to person or property, no defendant shall be liable for an amount greater than

7

that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury [or] death." See Docket No. 64 at 6, ¶ 13.

As this statute demonstrates, Colorado no longer employs joint and several liability, but, instead, uses comparative fault to apportion liability according to the degree of fault attributed to a particular party. To facilitate this scheme, Colorado Revised Statute § 13-21-111.5(3) allows a defendant to designate a non-party at fault so that, even if a potentially liable party is not sued by a plaintiff, the jury may still consider that non-party's degree of fault. See Colo. Rev. Stat. § 13-21-111.5(3)(a)-(b) ("[T]he finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action . . . . Negligence or fault of a nonparty may be considered if . . . the defending party gives notice that a nonparty was wholly or partially at fault."). In other words, so long as a non-party at fault has been designated, the jury is required to consider that non-party's fault and award damages. But that does not change that the non-party is liable to the plaintiff, not to the defendant. Thus, even though third-party plaintiffs are seeking contribution, that is not an independent basis of liability "to [them]," Fed. R. Civ. P. 14(a)(1), that renders third-party plaintiffs properly impleaded under Rule 14.

Moreover, none of these claims or allegations for contribution appear in the third-party complaint, except for the final paragraphs of each claim that indicate that third-party plaintiffs are seeking contribution. To state a claim for contribution, a plaintiff must demonstrate that he is (1) "jointly or severally liable in tort for the same injury to person or property for the same wrongful death" and (2) he "has paid more than his pro rata

8

share of the common liability." *See* Colo. Rev. Stat. § 13-50.5-102(1)-(2). There are no allegations in third-party plaintiffs' complaint regarding either of these two elements. As to Dr. Moats, third-party plaintiffs allege that Dr. Moats had a duty to Mr. Lemuel, that Dr. Moats "breached that duty and was negligent with regard to the assessment, care, and treatment of [Mr.] Lemuel." *See* Docket No. 30 at 91-92, ¶¶ 37-38. Third-party plaintiffs' allegations regarding Nurse Eighteen are similar: Nurse Eighteen had a duty to Mr. Lemuel and "breached that duty and was negligent with regard to the assessment, care[,] and treatment of [Mr.] Lemuel." *Id.* at 93, ¶¶ 44-45. And, finally, third-party plaintiffs allege that Memorial, "pursuant to the doctrine of respondeat superior, . . . is responsible for the conduct and resulting damages caused by its agents and/or employees." *Id.* at 95, ¶ 52. Third-party plaintiffs thus do not allege that third-party defendants are "jointly or severally liable in tort" or that third-party plaintiffs have "paid more than [their] pro rata share of the common liability." *See* Colo. Rev. Stat. § 13-50.5-102(1)-(2). As a result, third-party plaintiffs have failed to state a claim for contribution.

Moreover, any amendment to add such a claim would be futile. "A district court may refuse to allow amendment if it would be futile." *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (citation and quotations omitted). As previously discussed, Colorado abolished joint and several liability, meaning that, so long as a non-party has been designated as a non-party at fault, the jury will consider the non-party's liability and apportion liability accordingly. *See* Colo. Rev. Stat. § 13-21-111.5(3)(a)-(b); *see also Brochner v. Western Ins. Co.*, 724 P.2d

1293, 1299 (Colo. 1986) (reviewing Colorado's comparative fault scheme and finding that "a tortfeasor no longer may unfairly be forced to pay all or a disproportionate share of damages suffered by an injured party as the result of negligent conduct by two or more joint tortfeasors"). Third-party plaintiffs have already designated third-party defendants as non-parties at fault, *see* Docket No. 35, and, accordingly, third-party plaintiffs will not be required to pay "more than [their] pro rata share of the common liability." Colo. Rev. Stat. § 13-50.5-102(2).

Third-party plaintiffs' claim for contribution under 42 U.S.C. § 1983 – raised for the first time in their response brief – will not be permitted for a similar reason. Assuming § 1983 allows contribution through Colorado's contribution statute as third-party plaintiffs suggest, *see* Docket No. 64 at 10-12, third-party plaintiffs may only implead third-party defendants under Rule 14 if third-party defendants are liable to third-party plaintiffs under some independent basis of liability. *See* Fed. R. Civ. P. 14(a). But that is unlikely given Colorado's non-party at fault scheme and third-party plaintiffs' designation of third-party defendants as non-parties at fault. If third-party plaintiffs are in fact found liable, they may then assert a claim for contribution. The Court exercises its discretion in not permitting third-party plaintiffs to implead third-party defendants at this time. *See Armstrong*, 2013 WL 12192489, at *2 ("The decision to permit third-party proceedings under Rule 14 'rests in the sound discretion of the trial court.'" (quoting *Duncan*, 957 F.2d at 777)).

Accordingly, as to the claims for contribution based on negligence and wrongful death, third-party plaintiffs have not established a basis to implead third-party

defendants pursuant to Rule 14, any amendment to do so would be futile, and third-party plaintiffs have failed to state a claim. Regarding third-party plaintiff's claim for contribution based on the § 1983 claim, the Court exercises its discretion not to allow third-party plaintiffs to implead third-party defendants at this time.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that Third-Party Defendant Leslie Moats, M.D.'s Motion to Dismiss [Docket No. 44] is **GRANTED**.  It is further

**ORDERED** that Third-Party Defendants' UCH-MHS and Nurse Eighteen's Motion to Dismiss [Docket No. 50] is **GRANTED**.  It is further

**ORDERED** that all third-party defendants are dismissed from the case.

DATED September 27, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge