# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, by and through its personal Representative Elizabeth Lemuel,
ELIZABETH LEMUEL, individually,
Z.D.-L.M.L., individually, a minor, by and by and through their legal guardian Elizabeth Lemuel,
D.J.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel,
D.S.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel, and
Z.A.T.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel,

    Plaintiffs,

v.

EL PASO COUNTY, COLORADO,
ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
DEPUTY DANIEL LEBARON, in his individual capacity,
DEPUTY BRITTANY STUBBS, in her individual capacity,
DEPUTY ANN BELL, in her individual capacity,
DEPUTY BRANDON BURGESS, in his individual capacity,
SERGEANT KIMBERLY MILLER, in her individual capacity,
SERGEANT JAMES RODRIGUEZ, in his individual capacity,
DEPUTY JOHN BRIENZA, in his individual capacity,
DEPUTY CHADWICK YOUNG, in his individual capacity,
SERGEANT CODY WRIGHT, in his individual capacity,
DEPUTY KEVIN THORPE, in his individual capacity,
NURSE DIANNA BEDIA, in her individual capacity, and
NURSE ROBIN BAUER, in her individual capacity,

    Defendants,
and

EL PASO COUNTY, COLORADO,
DEPUTY DANIEL LEBARON, in his individual capacity,
DEPUTY BRITTANY STUBBS, in her individual capacity,
DEPUTY ANN BELL, in her individual capacity,
DEPUTY BRANDON BURGESS, in his individual capacity,
SERGEANT KIMBERLY MILLER, in her individual capacity,
SERGEANT JAMES RODRIGUEZ, in his individual capacity,

DEPUTY JOHN BRIENZA, in his individual capacity,
DEPUTY CHADWICK YOUNG, in his individual capacity,
SERGEANT CODY WRIGHT, in his individual capacity,
DEPUTY KEVIN THORPE, in his individual capacity,

    Third-Party Plaintiffs,

v.

UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL
HOSPITAL CENTRAL,
LESLIE MOATS, M.D., and
REBECCA EIGHTEEN, RN,

    Third-Party Defendants.

---

**DEFENDANT UCH-MHS d/b/a MEMORIAL HOSPITAL CENTRAL AND REBECCA EIGHTEEN, RN'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PURSUANT TO D.C.COLO.LCivR 54.3**

---

Defendants UCH-MHS d/b/a Memorial Hospital Central and Rebecca Eighteen, RN (hereafter "UCH-MHS Defendants"), through counsel Stephen Hensen, Esq. and Andrew Nickel, Esq., of JACKSON KELLY, PLLC, hereby submits the following Motion for Attorneys' Fees and Costs Pursuant to D.C.COLO.LCivR 54.3 and in support thereof state as follows:

## CERTIFICATE OF CONFERRAL

The undersigned represents that they, as counsel for the UCH-MHS Defendants, conferred with counsel for Third Party plaintiffs ahead of filing this Motion. The relief sought in this motion is opposed.

## BACKGROUND

On June 25, 2020, Plaintiffs filed their Complaint against the El Paso County Sheriff's Department and ten individual officers (hereafter collectively referred to as "Third Party

Plaintiffs"), alleging that Third Party Plaintiffs killed Demarus DeWayne Lemuel through use of, or failure to intervene in, excessive force and by deliberate indifference to Mr. Lemuel's medical needs.  Plaintiffs bring two claims for relief against the individual officers under 42 U.S.C. § 1983, and a claim against El Paso County, alleging wrongful death under Colorado's Wrongful Death Statute.

On August 20, 2020, Third Party Plaintiffs filed their Third-Party Complaint [ECF No. 30] against UCH-MHS Defendants, alleging that the UCH-MHS Defendants were liable for apportionment or contribution for amounts that may be awarded to plaintiff for plaintiff's wrongful death claim, both directly and under a theory of *respondeat superior*. [ECF No. 30 at 94-95].

On November 9, 2020, UCH-MHS Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that third-party plaintiffs failed to properly plead claims against them under both Colorado law and Fed. R. Civ. P. 14. [ECF No. 50].  On September 27, 2021, the Court granted UCH-MHS Defendant's Motion, entering an order dismissing the Third-Party Complaint against them.  [ECF No. 79].

On October 13, 2021, the Court granted UCH-MHS Defendants' Motion for an Extension of Time to file the instant Motion, allowing UCH-MHS Defendants until October 18, 2021 to file its Motion.  [ECF No. 84].  This Motion, therefore, is timely filed.

## ARGUMENT

D.C.COLO.LCivR 54.3 permits recovery of attorneys' fees where the motion is supported by Affidavit and the motion includes: "(1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed."  *See also* Fed R. Civ. P. 54(d)(2) (explaining a claim for

attorneys' fees and non-taxable expenses must be made by motion).  The Affidavit of attorney Stephen J. Hensen is attached hereto and incorporated herein by reference.

### A.  UCH-MHS DEFENDANTS ARE ENTITLED TO THEIR REASONABLE ATTORNEYS' FEES PURSUANT TO C.R.S. § 13-17-201.

C.R.S. § 13-17-201 states:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.  This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

This statute is specifically extended to the federal courts.  *Dorsey on behalf of J.D. v. Pueblo School District 60*, 215 F.Supp.3d 1092, 1093 (D. Colo. 2016) (citing *Infant Swimming Research, Inc. v. Faegre & Bensen, LLP*, 335 Fed. Appx. 707, 715 (10th Cir. 2009) (unpublished) (explaining that Section "13-17-201, which provides for an award of attorneys' fees in certain tort suits or if the 'action is dismissed … under rule 12(b) of the Colorado rules of civil procedure.' This provision also applies to Colorado tort claims pending in federal court that are dismissed pursuant to the Federal Rule of Civil Procedure 12(b))".

Here, all claims against the UCH-MHS Defendants were dismissed pursuant to Fed. R. Civ. P. 12(b). [ECF No. 79].  The motion filed under rule 12(b) was not treated as a motion for summary judgment or disposed of as provided in rule 56.  As explained in Mr. Hensen's attached Affidavit, the attorneys' fees incurred were reasonable and necessary to defend the UCH-MHS Defendants' interests and the UCH-MHS Defendants are entitled to attorneys' fees incurred to defend this action on this basis pursuant to C.R.S. § 13-17-201 and D.C.COLO.LCivR 54.3.  As specified in the attached Affidavit, UCH-MHS Defendants seek recovery of $15,869.25 in attorney

fees incurred in defending this action.  A printout of redacted attorneys' fees and costs is prepared for *in camera* review upon request of the Court

**B.   UCH-MHS DEFENDANTS ARE ALSO ENTITLED TO THEIR COSTS PURSUANT TO C.R.S. § 13-16-113, FED. R. CIV. P. 54(d)(1), D.C.COLOLCivR 54.1, AND C.R.S. § 13-16-108.**

With respect to costs, C.R.S. § 13-16-113 permits an award of costs to the prevailing party when an action is dismissed pursuant to Rule 12, and C.R.S. § 13-16-108, explaining that costs should be issued to the prevailing party at the discretion of the court.  Fed. R. Civ. P. 54(d)(1) and D.C.COLOLCivR 54.1 likewise address taxation of costs against the non-prevailing party and in favor of the prevailing party.  In accordance with D.C.COLOLCivR 54.1, the Court's Bill of Costs form is filed contemporaneously herewith, and counsel will confer after filing and before the hearing as required by the rule.  For these reasons, the UCH-MHS Defendants should be assessed their reasonable costs as against the Third-Party Plaintiffs in this action.  A printout of costs to date is incorporated herewith and includes only a single cost incurred in the amount of $229.60 in connection with attendance at a settlement conference between the parties.  Colorado Courts have previously held that such costs are recoverable pursuant to C.R.S. § 13-16-113.  *See Parker v. USAA*, 216 P.3d 7 (Colo. App. 2007).

## CONCLUSION

WHEREFORE, Defendants UCH-MHS and Rebecca Eighteen, RN respectfully request a Court Order GRANTING their request for attorneys' fees in the amount of $15,869.25 and costs in the amount of $229.60 to be paid within 14 days of a court order ordering the foregoing.

DATED this 18th day of October 2021.

*/s/ Andrew Nickel*
Stephen J. Hensen, Esq.
Andrew C. Nickel, Esq.
JACKSON KELLY, PLLC

1099 Eighteenth Street, Suite 2150
Denver, Colorado 80202
Telephone:  (303) 390-0011
Fax: (303) 390-0177
Email:   Stephen.hensen@jacksonkelly.com
             Andrew.Nickel@jacksonkelly.com
*Attorneys for Defendant UCH-MHS d/b/a Memorial Hospital Central and Rebecca Eighteen, RN*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of October 2021, the foregoing **DEFENDANT UCH-MHS d/b/a MEMORIAL HOSPITAL CENTRAL AND REBECCA EIGHTEEN, RN'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PURSUANT TO D.C.COLO.LCivR 54.3** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.



*/s/ Mi Vo*