IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01875-PAB-KMT

ESTATE OF DERAMUS DEWAYNE LEMUEL, by and through its personal Representative Elizabeth Lemuel,
ELIZABETH LEMUEL, individually,
Z.D.-L.M.L., individually, a minor, by and by and through their legal guardian Elizabeth Lemuel,
D.J.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel,
D.S.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel, and
Z.A.T.L., individually, a minor, by and through their legal guardian Elizabeth Lemuel,

      Plaintiffs,

v.

EL PASO COUNTY, COLORADO,
ARMOR CORRECTIONAL HEALTH SERVICES, INC.,
DEPUTY DANIEL LEBARON, in his individual capacity,
DEPUTY BRITTANY STUBBS, in her individual capacity,
DEPUTY ANN BELL, in her individual capacity,
DEPUTY BRANDON BURGESS, in his individual capacity,
SERGEANT KIMBERLY MILLER, in her individual capacity,
SERGEANT JAMES RODRIGUEZ, in his individual capacity,
DEPUTY JOHN BRIENZA, in his individual capacity,
DEPUTY CHADWICK YOUNG, in his individual capacity,
SERGEANT CODY WRIGHT, in his individual capacity,
DEPUTY KEVIN THORPE, in his individual capacity,
NURSE DIANNA BEDIA, in her individual capacity, and
NURSE ROBIN BAUER, in her individual capacity,

      Defendants,
and

EL PASO COUNTY, COLORADO,
DEPUTY DANIEL LEBARON, in his individual capacity,
DEPUTY BRITTANY STUBBS, in her individual capacity,
DEPUTY ANN BELL, in her individual capacity,
DEPUTY BRANDON BURGESS, in his individual capacity,
SERGEANT KIMBERLY MILLER, in her individual capacity,

SERGEANT JAMES RODRIGUEZ, in his individual capacity,
DEPUTY JOHN BRIENZA, in his individual capacity,
DEPUTY CHADWICK YOUNG, in his individual capacity,
SERGEANT CODY WRIGHT, in his individual capacity,
DEPUTY KEVIN THORPE, in his individual capacity,

    Third-Party Plaintiffs,

v.

UCH-MHS d/b/a UNIVERSITY OF COLORADO HEALTH MEMORIAL HOSPITAL CENTRAL,
LESLIE MOATS, M.D., and
REBECCA EIGHTEEN, RN,

    Third-Party Defendants.

---

### AFFIDAVIT OF STEPHEN J. HENSEN, ESQ. IN SUPPORT OF UCH-MHS d/b/a MEMORIAL HOSPITAL CENTRAL AND REBECCA EIGHTEEN, RN'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PURSUANT TO D.C.COLO.LCivR 54.3

---

    I, Stephen J. Hensen, Esq., being first duly sworn, state and affirm as follows:

    1. I am an attorney licensed to practice law in the State of Colorado and United States District Court for the District of Colorado and I have been issued attorney registration number 16893. I have been practicing law and have been a litigation attorney for just under 34 years. I have knowledge regarding the reasonableness of attorneys' fees in the State of Colorado.

    2. I, along with Karen DuWaldt, Esq., have been the defense counsel for UCH-MHS d/b/a Memorial Hospital Central and Rebecca Eighteen, RN (hereafter "UCH-MHS Defendants") in connection with the above captioned matter. I have personal knowledge regarding the legal work performed in this case.

    3. After thorough analysis of the documentation regarding attorneys' fees incurred in the defense of this matter, I find the fees and costs identified in this Affidavit were reasonable and necessary to defend the UCH-MHS Defendants against the third-party complaint filed by El Paso County, Deputy Daniel Lebaron, Deputy Brittany Stubbs, Deputy Ann Bell, Deputy Brandon Burgess, Sergeant Kimberly Miller, Sergeant James Rodriguez, Deputy John Brienza, Deputy Chadwick Young, Sergeant Cody Wright, and Deputy Kevin Thorpe (hereafter "Third-Party Plaintiffs").

4. A determination of reasonable attorneys' fees is based on the calculation of the "lodestar" amount. *Dpensieri v. Farmers Alliance Mut. Ins. Co.*, 804 P.2d 268, 271 (Colo. Ct. App. 1990). This amount represents the number of hours reasonably expended multiplied by a reasonable hourly rate and carries with it a strong presumption of reasonableness. *Id.* If the attorney provides a reason and rational basis for the work done, he or she should be compensated accordingly. *Id.* In awarding attorneys' fees, a trial court may consider factors including, among other things, the time required to effectively represent the client, the amount in controversy, the complexity of the case, the value of legal services to the client, and the customary practice in the legal community regarding fees in similar cases. *Fang v. Showa Entetsu Co., Ltd.*, 91 P.3d 419, 424 (Colo. Ct. App. 2003).

5. For the period of time between October 2019 through present, the UCH-MHS Defendants incurred the following attorneys' fees which were required for the defense of claims asserted by Third Party Plaintiffs in the above-captioned lawsuit.

6. Based upon my knowledge, training, and experience, I am familiar with the defense of medical professionals, the reasonable and customary hourly rates charged, and assert that the time spent and rates charged in connection with this case were reasonable, appropriate and necessary.

7. The rates charged for attorney time are reasonable and are either comparable to, or in some instances less than, rates charged by other attorneys in the State of Colorado for this type of case.

8. My time for this case is currently billed at the rate of $225.00 per hour. Time incurred for Karen DuWaldt has also been billed at the rate of $225.00 per hour.

9. The fees generated in connection with the defense of this matter amount to a total of $15,869.25. In addition to attorney fees, costs incurred in the defense of this matter amounted to $229.60 for attendance at a settlement conference on May 19, 2021 and as further summarized in the accompanying Bill of Costs.

10. This total amount of attorneys' fees can be broken down in the following manner:

| | |
|---|---|
| Stephen J. Hensen | $7,076.25 |
| Karen DuWaldt | $8,793.00 |
| | $15,869.25 |

11. Accompanying this Affidavit is a Bill of Costs in the form required by this Court. As further articulated in the UCH-MHS Defendants' Motion for Attorneys' Fees and Costs, the UCH-MHS Defendants are entitled to these costs pursuant to C.R.S. § 13-16-113, Fed. R. Civ. P. 54(d)(1), D.C.COLOLCivR 54.1, and C.R.S. § 13-16-108.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

12. The breakdown of costs is summarized in the summary attached to the Bill of Costs. The attorneys' fee breakdown is available to the Court for an *in camera* review upon request and in the interest of the attorney-client privilege.

FURTHER AFFIANT SAYETH NOT.

Dated this 15th day of October 2021.

_____
Stephen J. Hensen, Esq.

STATE OF COLORADO      )
                       ) ss.
COUNTY OF DENVER       )

The foregoing **AFFIDAVIT OF STEPHEN J. HENSEN, ESQ. IN SUPPORT OF UCH-MHS d/b/a MEMORIAL HOSPITAL CENTRAL AND REBECCA EIGHTEEN, RN'S MOTION FOR ATTORNEYS' FEES AND BILL OF COSTS PURSUANT TO D.C.COLO.LCivR 54.3** was subscribed and sworn to before me by Stephen J. Hensen this 15th day of October 2021.

Witness my hand and official seal.

My Commission Expires: 8/20/2025

[SEAL]

TAMARA HARRIS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20094025340
MY COMMISSION EXPIRES 8/20/2025

_____
Notary Public

4